[No. C003463. Third Dist. Oct. 20, 1988.]

HAROLD HAUSER et al., Plaintiffs, Cross-defendants and Appellants, v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant, Cross-complainant and Respondent.

**COUNSEL**

David A. Tallant for Plaintiffs, Cross-defendants and Appellants.

William Morris and McDonald, Saeltzer & Morris for Defendant, Cross-complainant and Respondent.

## OPINION

PUGLIA, P. J.—Plaintiffs and cross-defendants Harold and Eileen Hauser (respectively husband and wife; collectively plaintiffs) appeal from the judgment entered in favor of defendant and cross-complainant State Farm Mutual Automobile Insurance Company (State Farm). The cross-actions sought a declaration of the limits of liability in an insurance policy issued by State Farm. The trial court granted State Farm's motion for summary judgment and plaintiffs appeal. We shall affirm.

The facts are undisputed. Husband sustained bodily injuries in a motor vehicle accident with John H. Craft. Craft was insured by State Farm for liability for bodily injury of $25,000 per person and $50,000 per accident.

The relevant policy provisions state: "The amount of bodily injury liability coverage is shown on the declarations page under 'Limits of Liability: . . . Bodily Injury, Each Person [$25,000], Each Accident [$50,000].' Under 'Each Person' is the amount of coverage for all damages due to *bodily injury* to one *person*. '*Bodily injury* to one *person*' includes all injury and damages to others resulting from this *bodily injury*. Under 'Each Accident' is the total amount of coverage for all damages due to *bodily injury* to two or more *persons* in the same accident." (Italics in original.)

Husband settled his claim for bodily injury with State Farm for the policy limits of $25,000. Wife, who does not appear to have been involved in the accident, also looked to the insurance policy for compensation for loss of consortium. She asserted that she was a separate "person" from her husband and thus her injuries were compensable under the policy's "each accident" provision.

State Farm rejected wife's claim, asserting that both wife's claim and that of her husband are subsumed under the same $25,000 policy limits for bodily injury to each person.

Plaintiffs sued State Farm for a declaration that the $50,000 limits for "each accident" apply to wife's loss of consortium claim. State Farm answered and cross-complained for a declaration that the policy limits for "each person" apply to wife's claim. Both parties filed cross-motions for summary judgment. Plaintiffs claimed that *Abellon v. Hartford Ins. Co.* (1985) 167 Cal.App.3d 21 [212 Cal.Rptr. 852] made the loss of consortium claim payable under the higher "each accident" limits. State Farm distinguished *Abellon* and relied on *State Farm Mutual Auto. Ins. Co. v. Ball* (1981) 127 Cal.App.3d 568 [179 Cal.Rptr. 644] which construed an earlier

version of the relevant policy language to include loss of consortium under the "each person" limit.

The trial court found that "[t]he policy language here is indistinguishable from that in *Ball*." Accordingly, it granted State Farm's motion and denied the plaintiffs' motion.

■ Where no dispute surrounds material facts, interpretation of an insurance policy presents solely a question of law. (See, e.g., *Underwriters Ins. Co.* v. *Purdie* (1983) 145 Cal.App.3d 57, 67 [193 Cal.Rptr. 248].) Since no factual dispute exists here, the propriety of the trial court's summary judgment ruling turns solely on its interpretation of the relevant policy language.

■ On appeal, plaintiffs renew their argument that *Abellon* requires judgment in their favor. They argue that *Abellon* requires an insurer to pay loss of consortium claims from the larger "each accident" limits as a matter of policy and without regard to the particular policy language at issue. Alternatively, they claim that the policy here differs from that construed in *Ball*. Neither argument has merit.

■ Where no doubt surrounds the meaning of an insurance policy's provisions, courts will not strain to find ambiguities. (*Barrett* v. *Farmers Ins. Group* (1985) 174 Cal.App.3d 747, 752 [220 Cal.Rptr. 135].) ■ The policy language here is simple and straightforward. It sets $25,000 as "the amount of coverage for all damages due to *bodily injury* to one *person*." (Italics in original.) It defines "bodily injury to one person" to include "all injury and damages *to others resulting from this* bodily injury." (Italics added.)

Thus under the policy, wife can recover under the higher "each accident" limit only if her injury does *not* result from the bodily injury suffered by husband. She does not, however, argue that her injuries do not result from her husband's injuries. Rather, she simply ignores the "resulting from" clause. She relies solely on a public policy argument, discussed at length below.

We cannot ignore the policy's unambiguous definition of "bodily injury to one person." Wife's loss of consortium resulted from her husband's injuries without which wife would have no claim at all. Under the policy

provisions, wife's claim is compensable only under the "each person" limit applicable also to her husband's claim.[1]

The policy here is substantially similar to the one construed in *State Farm Mutual Auto. Ins. Co.* v. *Ball, supra,* 127 Cal.App.3d 568 which was also issued by State Farm. The policy in *Ball* defined the "each person" limit as the total "of the company's liability for all damages arising out of bodily injury sustained by one person in any one accident. . . ." (*Id.,* at p. 570.) It limited State Farm's liability in "each accident" to "all such damages for bodily injury sustained by two or more persons in any one accident." (*Ibid.*) Additional provisions further defined the "each person" limits: "For the purposes of this provision the 'bodily injury sustained by one person' as used herein, shall be deemed to include *all injury and damages sustained by others as a consequence of such bodily injury.*" (*Ibid.*) (Italics added.)

*Ball* held that the wife's loss of consortium claim was subject to the lower limits applicable to "each person." The court emphasized the language subjecting to those limits " 'all injury and damages *sustained by others as a consequence of* such bodily injury.' " (Italics in *Ball.*) (*Id.,* at p. 572.) The court found in this provision an unambiguous intent to include loss of consortium claims within the "each person" limits. (*Ibid.*)

As State Farm asserts here, the policy provision under review is nearly identical to the provision considered in *Ball.*[2] The policy here merely simplifies the more prolix version construed in *Ball,* clarifying the intent of the policy to include loss of consortium claims within the "each person" limits.

Plaintiffs attempt to distinguish this policy from the one considered in *Ball.* They note that the policy in *Ball* further defined "damages." (*Ball, supra,* 127 Cal.App.3d at p. 571.) In that policy's "each person" limits, a separate provision defined "damages" to include "damages for care and loss of services." (*Ibid.*) In contrast, the policy here does not expressly define "damages" to include such losses.

---

[1] The policy's "each accident" provision amplifies State Farm's intent only to compensate multiple victims injured *in* an accident under the higher limits. That provision states: "Under 'Each Accident' is the total amount of coverage for all damages due to bodily injury to two or more persons *in the same accident.*" (Italics in policy deleted; italics above added.) This definition of "each accident" implicitly distinguishes between a person harmed *in* the accident, and one harmed only as a result of injuries sustained by one *in* the accident. Since wife was not *in* the accident, but only harmed as a result of injuries sustained *in* the accident by her husband, the policy limits her recovery for damages to that applicable to "each person."

[2] As State Farm notes, "the only differences are that 'to' has replaced 'sustained by,' 'includes' has replaced 'shall be deemed to include' and 'resulting from' has replaced 'as a consequence of.' "

Plaintiffs seize upon this distinction. They argue that an average policyholder would not consider that "damages" would "include such things as the absence of a spouse to help around the house, loss of companionship, etc.," and that the policyholder therefore lacked notice that the "each person" limits included loss of consortium.

As State Farm notes, however, plaintiffs' argument defeats itself. A policyholder who had no reasonable expectation that "damages" include claims for loss of consortium would have had no reasonable expectation of *coverage* for such "damages." (See *State Farm Fire & Casualty Co.* v. *Lewis* (1987) 191 Cal.App.3d 960, 964 [236 Cal.Rptr. 807].) The policy itself only offers to pay for "damages." If the policy compensates loss of consortium at all, the policy compensates it as "damages." If compensable as "damages," however, loss of consortium is payable only as "damages to others" as set forth in the "each person" limits.

The policy provisions notified the policyholder that loss of consortium was compensable only under the "each person" limits. As described above, that provision defined "bodily injury to one person" to include "*all* injury and damages to others resulting from [the first person's injury]." (Italics added.) State Farm's decision not to define "injury" or "damages" further in no way detracts from the definition's broad sweep. "All injury and damages" unmistakably manifests an intent to encompass the widest range of possible claims for injury. The terms are not unduly technical or legal and are therefore readily understandable by an ordinary policyholder.

Plaintiffs' reliance on *Abellon* v. *Hartford Ins. Co., supra,* 167 Cal.App.3d 21, is also misplaced. Contrary to plaintiffs' repeated assertions, *Abellon* is not a "pure public policy decision" disengaged from the language of the insurance contract.

In *Abellon,* the court construed a policy that stated: "1. The most we will pay for *all damages resulting from bodily injury to any one person caused by any one accident* is the ['each person' limit.] 2. Subject to the limit for 'each person' the most we will pay for *all damages resulting from bodily injury caused by any one accident* is the ['each accident' limit.]" (*Abellon, supra,* at pp. 24-25 (italics added).) The differences between the contractual provisions in *Abellon* and those here and in *Ball* are readily apparent. The provisions here expressly define "one person's bodily injury" to include "all injury and damages *to others* resulting from this bodily injury." (Italics added.) No such limitation appears in the contract in *Abellon.* A divided court in *Abellon* concluded that "damages resulting in bodily injury to any one person caused by any one accident" did *not* manifest effectively an intent to include loss of consortium claims within the "each person" limits.

The majority opinion distinguished *Ball* as containing "policy language which is dramatically different from the language in [*Abellon*]" (*supra,* 167 Cal.App.3d at pp. 30-31) and concluded that the policy at issue gave no notice to the holder that loss of consortium payments were subject to the "each person" limits.[3]

Plaintiffs' "public policy" argument flies in the face of longstanding California law. ■ Certainly, as they assert, public policy supports tort recovery for loss of consortium. (See, e.g., *Rodriguez v. Bethlehem Steel Corp.* (1974) 12 Cal.3d 382 [115 Cal.Rptr. 765, 525 P.2d 669].) Nothing in our decision suggests that wife has no cause of action for loss of consortium against the driver who allegedly caused husband's bodily injuries. The case before us, however, does not involve tort rules for loss of consortium. Rather, it involves an interpretation of the risks State Farm and its policyholder assumed when State Farm issued its policy. Similarly, the case before us does not present an attempt by State Farm to deny *any compensation* for loss of consortium under the policy. Rather, State Farm's policy simply limits such recovery to the maximum amount payable to "each person." Here, husband's claim has already exhausted those limits.

The policyholder here did not purchase coverage extensive enough fully to compensate wife under the "each person" limitation. By failing to purchase more extensive "each person" coverage, the policyholder elected to assume the risk of exposure for all damages not otherwise compensable under State Farm's policy. Conversely, in issuing the policy, State Farm expressly declined to accept the risk of payment for loss of consortium beyond the "each person" limits. ■ Under well settled California law, a court will not "cast upon the insurance company liability which it has not assumed." (*Barrett* v. *Farmers Ins. Group, supra,* 174 Cal.App.3d at p. 752.)

The judgment is affirmed.

Carr, J., and Sims, J., concurred.

---

[3] In contrast, the dissent found adequate notice that loss of consortium damages "resulted from bodily injury to any one person caused by any one accident." (*Abellon, supra,* 167 Cal.App.3d at pp. 34-35.)