One issue is presented on this appeal from a summary judgment entered in favor of State Farm Mutual Automobile Insurance Company on stipulated facts: Whether Mr. Weekley can recover under his uninsured motorist policies for the loss of consortium after his wife has been paid the full amount provided by such policies for bodily injury to one person, thus exhausting the amount recoverable for one injury, but not the amount recoverable for one accident.
Identical uninsured motorist provisions in two insurance policies provide coverage for "bodily injury" to the insureds, Mr. and Mrs. Weekley. Mrs. Weekley's settlement with State Farm exhausted the "per person" limit of liability for "all damages" arising out of her "bodily injury," but not the "per accident" limit of the policies.
Mr. Weekley contends that he should be allowed to exceed the "per person" limit of liability for his loss of consortium claim, because, he says, his loss is likewise a bodily injury suffered by him as a result of the injury to his wife. State Farm contends that the loss of consortium claim is apersonal injury to the husband, but is not abodily injury to him, as defined. We agree, and affirm.
Mr. and Mrs. Weekley were both severely injured in an accident with an automobile driven by Annie Raines Elder, an uninsured motorist. The Weekleys filed suit against Mrs. Elder and their insurance carrier, State Farm, seeking damages for bodily injuries, medical expenses, lost wages, and damage to their automobile. Mr. Weekley also sought damages from defendant Elder for the "loss of consortium of his wife, Gertrude Weekley, as a result of her injuries" sustained in the accident. Mrs. Weekley likewise sought damages for the loss of consortium of her husband, Eldridge Weekley, as a result of the injuries sustained by him.
The Weekleys alleged that, at the time of the accident, they were insured under two policies of insurance issued to them by State Farm, in which State Farm had agreed to provide plaintiffs with protection against bodily injury caused by uninsured or underinsured drivers. The Weekleys sought a total of $600,000 in damages from State Farm.
State Farm acknowledged that Mrs. Elder was an uninsured motorist and that each of the two policies provided uninsured motorist coverage in the amount of $20,000. State Farm also acknowledged that her injuries were severe and would justify the payment of the full amounts under the uninsured motorist provisions of the policies. In addition, State Farm acknowledged its liability to Mrs. Weekley for the medical benefits of $5,000 provided for under the policies. Accordingly, State Farm tendered a total of $45,000 to the clerk of the court for payment to Mrs. Weekley. *Page 479 
Mrs. Weekley accepted this amount in settlement of her claim against State Farm.
State Farm then sought summary judgment against Mr. Weekleyonly on his claim of damages for loss of consortium of his wife and related damages predicated upon the uninsured motorist provisions of the two policies. It did not seek a judgment on his claim based on his own injuries, including medical expenses incurred in the treatment of his own bodily injuries, or on any claim he may have against Mrs. Elder, including his claim for loss of consortium.
The trial court granted summary judgment on Mr. Weekley's claims against State Farm based on loss of consortium, the cost of nursing care that he personally provided his wife, and lost wages. The court made that judgment final pursuant to A.R.Civ.P. 54(b), and this appeal followed.
State Farm's argument in support of the trial court's judgment is summarized in the following language in its brief:
 "With regard to expenses paid by Eldridge B. Weekley for treatment of his own injuries, State Farm offers to and will pay same up to Five Thousand and no/100 Dollars ($5,000.00) subject to claims by Alabama Medicaid Agency, and upon presentation of such bills State Farm hereby offers and agrees to pay same immediately into Court (or directly to Eldridge B. Weekley if it can be shown that Alabama Medicaid Agency has no claim and waives any and all subrogation rights against State Farm for such payment).
 "Previously, the sum of Forty-Five Thousand and no/100 Dollars ($45,000.00) referred to in paragraphs 1 and 2 was tendered to Gertrude Weekley and Eldridge B. Weekley to satisfy her claim in full. State Farm is informed that Eldridge B. Weekley refused to sign a release releasing any claim that he had pertaining to her claim, insisting that the execution of such release would bar some if not all of his claims to which he may be entitled under the uninsured motorist provisions of the aforementioned policies.
 "In addition to his claim for his own injuries and damages, Eldridge B. Weekley claims (a) for damages for loss of services of his wife, (b) for the cost of nursing care for his wife, and (c) damages for his own loss of wages while caring for his wife. Eldridge B. Weekley is claiming that these damages should be paid under the uninsured motorist provisions of the policies referred to hereinabove; State Farm, however, states that the payment in full to Gertrude Weekley of the full amount under the policies satisfies its obligations therein including any derivative action resulting thereby or therefrom. State Farm also avers that any damages claimed by Eldridge B. Weekley other than for injury to himself would not be covered under the uninsured motorist provisions of the policy. (R. 35-36)"
The single issue presented by this appeal is whether a husband may recover any amount for loss of consortium, under his uninsured motorist policy, after his wife has been paid the full amount recoverable under the same "per person" limits of the policy for "all damages" arising out of her "bodily injury."
It is undisputed that the wife's settlement with State Farm exhausted the "per person" limit of liability for "all damages" arising out of her bodily injury. A loss of consortium claim in Alabama is a claim separate from the injured spouse's claim, but it is also a derivative one. Mattison v. Kirk,497 So.2d 120 (Ala. 1986); Price v. Southern Ry.,470 So.2d 1125 (Ala. 1985).
Under the "Limits of Liability" provision in the uninsured motorist clause of the policies in this case, provision is made for "each person" to be paid "the amount of coverage forall damages due to 'bodily injury' to one person." The coverage for "each accident" is the total amount of coverage for all damages due to 'bodily injury' to two or more persons in the same accident." The uninsured motorist clause also states that the "limits of liability are not increased because more than one person is insured at the time of the accident." *Page 480 
In this case, the policy limits (under both policies) have been paid to Mrs. Weekley. Therefore, no further recovery may be had based upon a consortium claim, because that claim arises out of the bodily injury to the injured spouse, and not out of a separate bodily injury to Mr. Weekley. A consortium claim does not constitute a claim for bodily injury. Courts from other jurisdictions have expressly so held. Williams v.Nelson, 228 Mass. 191, 117 N.E. 189 (1917); Malone v.Costa, 151 Fla. 144, 9 So.2d 275 (1942); Creamer v.State Farm Mutual Auto. Insurance Co., 161 Ill. App.3d 223,514 N.E.2d 214 (1987); Izzo v. Colonial Penn InsuranceCo., 203 Conn. 305, 524 A.2d 641 (1987).
We hold, as other courts have, that the limits of liability for each person, arising out of the "bodily injury" to one person, include claims for loss of consortium. See Annot., 46 A.L.R. 4th 735 (1986); Annot., 13 A.L.R.3rd 1228 (1967). See also 8A Appelman, Insurance Law and Practice § 4893 p. 60 (1981). The trial court did not err in granting summary judgment in favor of State Farm on the facts as stipulated in this case. Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.