## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee,

### v.

### Myron WOLFF, Appellant.

### Larry Dalzell, Karl Knippling, Connie Knippling, and Joe Jahnel.

### No. 90–5268ND.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1991.

Decided Feb. 25, 1991.

Steven A. Storslee and Curtis L. Wike, Bismarck, N.D., for appellant.

Carlton J. Hunke and Lori J. Beck, Fargo, N.D., for appellee.

Before BOWMAN, MAGILL and LOKEN, Circuit Judges.

PER CURIAM.

In this declaratory action, Myron Wolff appeals from the district court's[1] ruling denying insurance coverage for his loss of consortium claim. We affirm.

## I.

In July 1988, Myron Wolff and his wife Katherine were involved in a car accident with a vehicle driven by Larry Dalzell, the son of Karl and Connie Knippling. Joe Jahnel owned the vehicle that Larry Dalzell was driving. Jahnel was insured by American Family Mutual Insurance. The Knipplings were insured by State Farm Mutual Insurance. The accident rendered Katherine Wolff a quadriplegic.

On August 3, 1989, Myron Wolff filed a personal injury action in federal court based on diversity of the parties, alleging that Larry Dalzell's negligence caused the accident, as did Joe Jahnel's negligent entrustment of the car to Dalzell. All claims were eventually settled except for Wolff's claim for loss of consortium. State Farm has denied coverage for Wolff's claim, taking the position that because it has already paid its $100,000 "Each Person" liability limit to his wife, it has no further liability.[2]

On September 5, 1989, State Farm filed this case, a declaratory judgment action, asking the court to determine whether State Farm's policy covered Wolff's claim for loss of consortium. Larry Dalzell, Joe Jahnel, and the Knipplings counterclaimed, alleging that Wolff's claim for loss of consortium was covered by the State Farm policy.

On cross-motions for summary judgment, the district court ruled in favor of State Farm. The district court noted that while North Dakota has recognized a cause of action for loss of consortium, the North Dakota Supreme Court has not yet declared that loss of consortium is a separate bodily injury for purposes of insurance coverage.

## II.

Wolff argues on appeal that State Farm's policy provides coverage for his

---

1. The Honorable Patrick A. Conmy, Chief Judge, United States District Court for the District of North Dakota.

2. The relevant provisions of the insurance policy are as follows:
    *Bodily injury*—means bodily injury to a *person* and sickness, disease or death which results from it.
    We will: 1. pay damages which an *insured* becomes legally liable to pay because of: a. *bodily injury* to others ... caused by accident resulting from the ownership, maintenance or use of *your car*....
    The amount of bodily injury liability coverage is shown on the declarations page under "Limits of Liability–Coverage A–Bodily Injury. Each Person. Each Accident." Under "Each Person" is the amount of coverage for all damages due to *bodily injury* to one *person*. "*Bodily injury* to one *person*" includes all injury and damages to others resulting from this *bodily injury*. Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person," for all damages due to *bodily injury* to two or more *persons* in the same accident.
    Appellant's Addendum at 6–8 (emphasis in original). The policy also provided that the limit of liability under "Each Person" was $100,000, and the limit under "Each Accident" was $300,000.

$100,000 loss of consortium claim. As mentioned above, State Farm has denied coverage, taking the position that its $100,000 payment to Mrs. Wolff discharged its liability under the "Each Person" section of the insurance policy. Myron argues in response that the "Each Accident" limit of liability section of the policy applies.

State Farm argues that the "Each Person" limit of liability clearly applies, because under the plain language of that section, "bodily injury" includes all injury and damages to others *resulting* from the underlying injury. State Farm argues that Wolff's claim necessarily results from his wife having been rendered a quadriplegic, and thus that the claim is included in the "Each Person" section's coverage of all injuries to others resulting from bodily injury to one person. Therefore, under the plain language of the policy, State Farm argues, the $100,000 "Each Person" limit must apply.

Wolff contends that his loss of consortium claim is not derivative, but a wholly independent cause of action. *See Herold v. Burlington Northern, Inc.*, 761 F.2d 1241, 1249 (8th Cir.1985). This is apparently meant to get around the "resulting from" language in the "Each Person" section. This argument, however, is irrelevant, because Wolff is arguing the legal attributes of a loss of consortium claim, and ignoring the nature of the injury. He cannot deny that without his wife's injuries, he would not have the cause of action. Therefore, his injury results from his wife's injuries, and the "Each Person" limit of liability applies.

Wolff argues that the "Each Accident" limit applies because his loss of consortium claim includes a claim for bodily injury because of his emotional distress and psychological injury. State Farm responds that the "Each Accident" limit is inapplicable because under the plain language of the policy Wolff would have to have sustained a separate bodily injury in the same accident. Both parties have extensively argued the issue of whether a loss of consortium claim would be considered a separate bodily injury under North Dakota law. We need not decide this issue, however, because Wolff's claim fails the second requirement for "Each Accident" coverage, namely that the injury occur in the same accident. Under North Dakota law, the injury giving rise to a loss of consortium claim occurs *after* the accident. *See Milde v. Leigh*, 75 N.D. 418, 28 N.W.2d 530, 537 (1947) ("A husband has no right of action for the loss of services, society, and companionship of his wife and incidental expense for her treatment and care, until the loss of services, society and companionship actually has occurred.").

In sum, the plain language of the policy does not require State Farm to cover Wolff's loss of consortium claim. The claim is subject to the "Each Person" limit of liability as an injury resulting from the bodily injury of another. The claim does not fall under the "Each Accident" limit of liability, however, because Wolff's injury occurred after the accident.

III.

For the foregoing reasons, the judgment of the district court is affirmed.