Judy Brown and Michael Brown asserted a claim against State Farm Mutual Automobile Insurance Company, the liability insurer for the alleged tortfeasor, Waylon Gant, seeking a declaratory judgment as to the amount of liability insurance coverage available under Gant's State Farm policy to indemnify Gant should the Browns succeed in the action the Browns had filed against Gant. The Browns had sued Gant, with whom Judy Brown had been involved in a motor-vehicle accident, alleging claims of negligence and/or wantonness on behalf of Judy Brown, and a claim of loss of consortium on behalf of Michael Brown. State Farm contended that under its policy with Gant, only $50,000 coverage was available to the Browns; the Browns cited Tate v. AllstateInsurance Co., 692 So.2d 822 (Ala. 1997), for their argument that they are entitled to $100,000 under Gant's State Farm policy — $50,000 for Judy's claim and $50,000 for Michael's loss-of-consortium claim. State Farm also included in its answer the affirmative defense that the claim asserted by the Browns against State Farm is a direct action against State Farm before a judgment has been entered against its insured, in contravention of Ala. Code 1975, § 27-23-2. On March 26, 2001, the Browns filed a motion for a partial summary judgment on their claim against State Farm. On September 12, 2003, the trial court granted the Browns' motion for a partial summary judgment. State Farm filed a motion to vacate the partial summary judgment and motion to dismiss or, in the alternative, to certify the partial summary judgment as final and appealable pursuant to Rule 54(b), Ala.R.Civ.P. On December 15, 2003, the trial court denied State Farm's motion to vacate the September 12, 2003, partial summary judgment, but certified the September 12 partial summary judgment and the December 15 order as final for purposes of appeal. State Farm filed a timely notice of appeal. On appeal State Farm contends that the claim against it should have been dismissed because the assertion of that claim *Page 645 
was in essence a direct action against an insurance company before a judgment has been entered against the insured/alleged tortfeasor, which violates state law; that the limits of Gant's liability coverage available for both Judy Brown's personal injuries and Michael Brown's derivative loss-of-consortium claim is the $50,000 "[e]ach [p]erson" coverage limit applicable to Judy Brown's injuries; and that the trial court's interpretation of the insurance policy, in light of Weekley v. State FarmMutual Automobile Insurance Co., 537 So.2d 477 (Ala. 1989), is in error. We reverse and remand.
 Facts
On or about November 29, 1999, Waylon Gant was involved in a motor-vehicle accident with Judy Brown, who sustained severe physical injuries. Gant is insured under an automobile liability policy issued by State Farm. The "liability" coverage section of Gant's State Farm policy provides, in part, that State Farm will "pay damages which an insured becomes legally obligated to pay because of . . . bodily injury to others. . . ." The policy defines "bodily injury" as "bodily injury to a person and sickness, disease or death which results from it." The definition of "bodily injury" contains no words like "loss of services" or "loss of consortium" or any language similar to those words. The limits of Gant's liability coverage for bodily injury under the policy is $50,000 for "[e]ach [p]erson" and $100,000 for "[e]ach [a]ccident." Specifically, the limits of liability for bodily injury in Gant's policy provide:
 "Under `Each Person' is the amount of coverage for all damages due to bodily injury to one person. `Bodily injury to one person' includes all injury and damages to others resulting from this bodily injury. Under `Each Accident' is the total amount of coverage, subject to the amount shown under `Each Person,' for all damages due to bodily injury to two or more persons in the same accident."
On January 24, 2001, the Browns sued Gant in the Etowah Circuit Court, alleging that he had been negligent and/or wanton and that his negligence and/or wantonness had caused the November 29, 1999, accident. The complaint alleges that the injuries Judy sustained in the accident exceed $50,000. Judy's husband, Michael, who was not in the car at the time of the accident, claims to have "lost the services, comfort and consortium of his wife Judy Brown" as a result of the accident and claims that that loss exceeds $50,000 in damages. The Browns also asserted a direct claim, titled "Complaint for Declaratory Judgment," against State Farm as Gant's liability insurer seeking a declaration that, based on this Court's decision in Tate v.Allstate Insurance Co., supra, the policy should be "interpreted so as to provide $50,000 coverage for Judy Brown's claims and an additional $50,000 coverage for Michael Brown's claims."
On February 16, 2001, State Farm filed its answer to the Browns' declaratory-judgment complaint, asserting, among other things, the affirmative defenses that the Browns' claim against State Farm was a prohibited direct action against an adversary's liability insurer, and that the bodily-injury liability limits for "[e]ach [p]erson" under the language of Gant's State Farm policy "were not expanded by a derivative claim asserted by a person not having received any bodily injury [i.e., Michael Brown]." State Farm relied upon this Court's opinion inWeekley, supra, in arguing that the coverage afforded Gant for both Judy Brown's claim for damages for bodily injuries and Michael Brown's derivative claim for damages for loss of consortium is limited to $50,000 for bodily injury to one person. On March 15, 2001, Gant *Page 646 
filed his answer to the Browns' complaint, denying liability for negligence, wantonness, or any other wrongful conduct.
On March 26, 2001, the Browns filed a motion for partial summary judgment,[1] supported by a certified copy of Gant's State Farm policy. In that motion, the Browns argued thatTate, supra, entitled them to a judgment declaring as a matter of law that Gant's State Farm policy afforded Gant "a total of $100,000 in coverage for their claims." State Farm opposed the motion on two grounds; it argued 1) that Maness v. Alabama FarmBureau Mutual Casualty Insurance Co., 416 So.2d 979 (Ala. 1982), prohibited a direct action against State Farm before a judgment has been had against the alleged tortfeasor/policyholder, and 2) that, even if Maness does not prohibit such a direct action, the insurance coverage available to Gant was limited to the $50,000 "[e]ach [p]erson" limit for both Judy's personal-injury claim and Michael's derivative loss-of-consortium claim. The Browns submitted a reply memorandum in response to State Farm's opposition reiterating that Tate controlled and arguing thatWeekley had been at least partially abrogated by City ofLanett v. Tomlinson, 659 So.2d 68 (Ala. 1995).
On September 12, 2003, the trial court, relying upon Tate andCity of Lanett, entered an order, stating:
 "The Court hereby declares that the total amount of coverage from the State Farm policy which affords coverage to defendant Gant is $50,000 for the claims of the [sic] Judy Brown, and an additional $50,000 for the claims of her husband Michael Brown, for a total of $100,000 in coverage."
On October 9, 2003, State Farm filed a motion to vacate the judgment and to dismiss the claim against it or, in the alternative, to certify the partial summary judgment as final pursuant to Rule 54(b), Ala.R.Civ.P., arguing that the direct-action statute, Ala. Code 1975, § 27-23-2, and Maness
precluded the Browns' direct declaratory-judgment claim against State Farm and that Tate and Weekley served to limit the liability coverage available under Gant's policy to the $50,000 "[e]ach [p]erson" limit, i.e., to $50,000 for "all damages due to bodily injury to one person." On December 15, 2003,[2] the trial court denied State Farm's motion to vacate or dismiss but expressly certified the partial summary judgment as final for purposes of Rule 54(b), Ala.R.Civ.P. State Farm timely appealed.
 Standard of Review
We review a summary judgment under the following standard:
 "This Court's review of a summary judgment is de novo.
 "`In reviewing the disposition of a motion for summary judgment, "we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact," Bussey v. John Deere Co., 531 So.2d 860, 862
(Ala. 1988), and whether the movant was "entitled to a judgment as a matter of law." Wright v. Wright, 654 So.2d 542 (Ala. 1995); Rule 56(c), Ala.R.Civ.P. When the movant makes a prima facie showing that there is no *Page 647 
genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). Evidence is "substantial" if it is of "such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." Wright, 654 So.2d at 543 (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989)). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilma Corp. v. Fleming Foods of Alabama, Inc., 613 So.2d 359 (Ala. 1993) [overruled on other grounds, Bruce v. Cole, 854 So.2d 47 (Ala. 2003)]; Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala. 1990).'"
Pittman v. United Toll Sys., LLC, 882 So.2d 842, 844 (Ala. 2003). Also, in Callaway v. Whittenton, 892 So.2d 852 (Ala. 2003), this Court stated:
 "`"Regarding a question of law, . . . this Court indulges no presumption of correctness as to the trial court's ruling."'"
(Quoting Eagle Prods., Inc. v. Glasscock, 882 So.2d 280, 282
(Ala. 2003), quoting in turn Bell v. T.R. Miller Mill Co.,768 So.2d 953, 956 (Ala. 2000).)
The same standard applies to a declaratory judgment:
 "Our review of a declaratory judgment is generally governed by the ore tenus standard of review. However, in cases such as this, where there are no disputed facts and where the judgment is based entirely upon documentary evidence, no such presumption of correctness applies; our review is de novo."
Alfa Mut. Ins. Co. v. Small, 829 So.2d 743, 745 (Ala. 2002).
 Analysis
State Farm argues that the trial court erred on two grounds. State Farm first argues that by allowing the Browns to go forward with their claim against State Farm the trial court allowed the Browns to pursue a direct action against an insurance company, something State Farm alleges is not permitted by Ala. Code 1975, §27-23-2. State Farm next argues that the trial court improperly expanded the liability limits of Gant's policy in order to ensure that Michael would be eligible for $50,000 in damages on his derivative loss-of-consortium claim. Because of our resolution of State Farm's first argument, we need not address its second argument.
Section 27-23-2, Ala. Code 1975, provides, in pertinent part:
 "Upon the recovery of a final judgment . . ., if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment. . . ."
State Farm argues that this statute establishes the necessity of a "recovery of a final judgment" before a direct action can be filed against an insurance company to recover for the actions of an insured. The Browns have not yet obtained a judgment against Gant.
This Court addressed Ala. Code 1975, § 27-23-2, in Maness, supra, which addressed the question "whether a plaintiff in a personal injury action . . . can in effect bring a declaratory judgment action," *Page 648 
416 So.2d at 981, against the alleged tortfeasor's insurance carrier before a judgment is rendered against the tortfeasor. Maness, a volunteer fireman for the Sylacauga Fire Department, was injured when the Weogufka Fire Department's unoccupied truck moved down an incline and pinned him between that fire truck and another fire truck. The Manesses sued several individual defendants associated with the Weogufka Fire Department. Each of those defendants had insurance carriers. One of those carriers was Farm Bureau, which initiated a declaratory-judgment action seeking to determine its liability. The Manesses then filed a counterclaim against Farm Bureau, asking the court to determine whether Farm Bureau was obligated to defend its insured and to indemnify its insured for any judgment rendered against the insured. The Manesses filed cross-claims against the insurance carriers insuring one of the individual defendants, asking the trial court to determine whether each or all of the carriers were obligated to defend and indemnify their insured. The trial court dismissed the Manesses' cross-claims against the insurance carriers. This Court affirmed the judgment of the trial court, stating:
 "The injured party, however, can bring an action against the insurer only after he has recovered a judgment against the insured and only if the insured was covered against the loss or damage at the time the injured party's right of action arose against the insured tort-feasor."
416 So.2d at 981-82. The opinion explained that the Manesses' declaratory-judgment action was an improper direct action prohibited by Ala. Code 1975, §§ 27-23-1 and -2.
 "We hold that the cross-claims of the Manesses against the insurance carriers are a form of direct action against an insurance carrier and not allowable under Alabama law because an injured party cannot bring a direct action against the insurance carrier, absent a final judgment against its insured, see, Code 1975, §§ 27-23-1 and -2. Therefore, the dismissal of the cross-claims by the trial court was proper."
416 So.2d at 982. See also Knox v. Western World Ins. Co.,893 So.2d 321 (Ala. 2004) (affirming order dismissing plaintiff's declaratory-judgment claim on basis that final judgment had not been entered against insured/alleged tortfeasor); Wiggins v.State Farm Fire Cas. Co., 686 So.2d 218, 220 (Ala. 1996) (quoting Maness for the proposition that an injured party "`can bring an action against the insurer only after he has recovered a judgment against the insured'"); Hicks v. Alabama Pest Servs.,Inc., 548 So.2d 148, 150 (Ala. 1989) (judgment had not been entered for plaintiff; therefore, plaintiff had no right to pursue cause of action against insurance company); Stewart v.State Farm Ins. Co., 454 So.2d 513, 514 (Ala. 1984) (citingManess and holding that a plaintiff could not bring a direct action against the alleged tortfeasor's liability insurer under a third-party-beneficiary theory); Howton v. State Farm Mut. Auto.Ins. Co., 507 So.2d 448, 450 (Ala. 1987) (noting Maness,Stewart, and other cases in holding that a plaintiff may not maintain a direct action against an insurer before a judgment has been rendered against the insured/alleged tortfeasor unless the insurer causes an independent injury to the plaintiff).
The Browns argue that Ala. Code 1975, § 6-6-223, the declaratory-judgment statute, gives the court the right to render "declarations of rights, status or other legal relations thereunder" for anyone "affected" by a "contract." They also argue that the language of § 27-23-2 is permissive, not prohibitory, and that they are not trying to "reach and apply the insurance money" allegedly provided by the policy *Page 649 
State Farm issued to Gant. The Browns cite no cases in support of these arguments. The Browns claim that State Farm's position would implement an "implied repeal" of Ala. Code 1975, § 6-6-223. The Browns distinguish the cases relied upon by State Farm by stating that "most of the cases cited by State Farm represent a plaintiff's attempt to seek money damages directly from the liability insurer prior to judgment." (Browns' brief, p. 4.)
The Browns attempt to distinguish Maness, a case involving a declaratory judgment, by stating that the Manesses did not proceed under § 6-6-223 but specifically invoked § 27-23-2. TheManess opinion does not even mention § 6-6-223. However, the question in that case, as posed by the Maness Court, was whether a plaintiff "can in effect bring a declaratory judgment action" against an insurer before a judgment is entered against the insured/alleged tortfeasor. See also Knox v. Western WorldIns. Co., supra; MacMillan-Bloedel, Inc. v. Firemen's Ins. Co.of Newark, 558 F.Supp. 596, 599 (S.D.Ala. 1983) (stating that inManess,"the Alabama Supreme Court expressly held that an injured plaintiff could not maintain a declaratory judgment action against insurance carriers of the insured defendant" until the plaintiff has recovered a judgment against the insured).
State Farm argues in reply that in specifically referring to Ala. Code 1975, §§ 27-23-1 and -2, this Court in Maness
considered and rejected the argument the Browns are now advancing — that they are sufficiently "interested" for their action to fit within the meaning of § 6-6-223. In summary, as we stated inManess, in an action against an insured tortfeasor, the plaintiff has a vested interest in the coverage of the liability insurance policy that is secondary to that of the defendant/insured, who has the primary interest.
Like any other action, a bona fide justiciable controversy is essential to maintain a declaratory-judgment action. Harper v.Brown, Stagner, Richardson, Inc., 873 So.2d 220, 223 (Ala. 2003) (to maintain a declaratory-judgment action, there must be a "bona fide justiciable controversy" between the parties); Creola LandDev., Inc. v. Bentbrooke Housing, L.L.C., 828 So.2d 285, 288
(Ala. 2002) ("`[a]ll that is required for a declaratory judgment action is a bona fide justiciable controversy'" (quoting GulfSouth Conference v. Boyd, 369 So.2d 553, 557 (Ala. 1979))). State Farm argues that there is no justiciable controversy between the Browns and State Farm to justify a direct action against it like the one filed by the Browns.
A controversy is justiciable when present legal rights are affected, not when a controversy is merely anticipated. SeeCreola Land Dev., supra; Baldwin County v. Bay Minette,854 So.2d 42, 45 (Ala. 2003). Nor does the declaratory-judgment statute empower a court to give an advisory opinion. Hornsby v.Sessions, 703 So.2d 932 (Ala. 1997). The Browns' negligence and wantonness and loss-of-consortium claims against Gant remain pending, and the Browns have yet to obtain a judgment against Gant awarding the Browns damages that would initiate any duty on the part of State Farm to indemnify Gant. Therefore, any question as to whether State Farm would owe anything to the Browns in the future is speculative at best.
State Farm also contends that the direct-action statute, §27-23-2, does not conflict with the declaratory-judgment statute, § 6-6-223, because, it argues, even without the application of §27-23-2, no court is empowered by § 6-6-223 to decide a hypothetical question or issue an advisory opinion. Even if a conflict between *Page 650 
those statutes existed, a statutory provision relating to a specific subject is understood to act as an exception to a provision relating to general subjects. Murphy v. City ofMobile, 504 So.2d 243 (Ala. 1987). In this case, the specific direct-action statute acts as an exception to the general declaratory-judgment statute.
We agree with State Farm's argument that § 27-23-2 prevents the Browns from bringing this action at this time and in this posture. There is no justiciable controversy because the Browns have yet to obtain a judgment against Gant that would obligate State Farm to the Browns in any way. Therefore, the trial court erred in granting the Browns' motion for a partial summary judgment because the Browns' claim violates the direct-action statute, § 27-23-2, as that statute was interpreted in Maness.
If the Browns obtain a judgment against Gant, the defendant/alleged tortfeasor, then, if necessary, they may pursue an action against State Farm to determine if the $50,000 liability limit is available to Michael on his derivative loss-of-consortium claim.
State Farm also argues that even if the direct-action statute did not prohibit this action, the trial court erred in determining that Michael, for his derivative loss-of-consortium claim, should under Gant's policy be entitled to $50,000 separate from the $50,000 in liability coverage Judy would under Gant's policy be entitled to for her personal injuries. We need not address this question because our resolution of the first issue renders moot the need for us to address the second.
We reverse the judgment of the trial court and remand the case for the trial court to enter a judgment granting State Farm's motion to vacate the summary judgment in favor of the Browns and to dismiss the claims against State Farm on the basis of the direct-action statute, Ala. Code 1975, § 27-23-2.
REVERSED AND REMANDED.
HOUSTON, SEE, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.
[1] The Browns' motion sought only a partial summary judgment regarding their claim against State Farm; their motion did not address their negligence and/or wantonness claims against Gant.
[2] The December 15, 2003, order was filed with the circuit clerk on January 6, 2004.