CRAWLEY, Presiding Judge.
Judy Brown was seriously injured in an automobile accident involving an automobile owned and driven by Waylon Gant. Gant was insured by State Farm Mutual Automobile Insurance Company (“State Farm”). Judy Brown and her husband, Michael Brown, sued Gant, alleging that his negligence or wantonness in operating his automobile had resulted in physical injuries to Judy and had resulted in the loss of Judy’s services and companionship to Michael (i.e., Michael asserted a loss-of-consortium claim). Judy and Michael each sought damages in excess of $50,000. The Browns also sued State Farm directly, seeking a judgment declaring that State Farm’s insurance policy should be construed to provide $50,000 of coverage for Judy’s claims and an additional $50,000 of coverage for Michael’s claims. After a partial summary judgment was entered in favor of the Browns on their declaratory-judgment action on the coverage issue, State Farm appealed to the Alabama Supreme Court. See State Farm Mut. Auto. Ins. Co. v. Brown, 894 So.2d 643 (Ala.2004). The supreme court reversed the summary judgment in favor of the Browns on the ground that the Browns’ direct suit against State Farm was barred by the direct-action statute, Ala.Code 1975, § 27-23-2. The supreme court did not address State Farm’s alternative argument that the trial court had wrongly determined that Michael Brown was entitled to $50,000 in insurance coverage in addition to the $50,000 in insurance coverage for Judy’s claims.
After remand, the parties settled Judy’s claim and the trial court entered a $50,000 judgment against Gant and in favor of *714 Michael on his loss-of-consortium claim. Michael then instituted a garnishment proceeding against State Farm, seeking to collect the $50,000 he insisted was due him under Gant’s policy. State Farm sought a judgment on the pleadings in the garnishment proceeding establishing that the policy language precluded a determination that Michael’s claim was covered under the policy; in response, Michael sought a judgment on the pleadings that the policy language provided coverage for his claim. The trial court entered a judgment on the pleadings in favor of Michael. State Farm appealed to this court, which transferred the appeal to our supreme court, which, in turn, transferred the case to this court pursuant to Ala.Code 1975, § 12-2-7(6).
“The applicable standard of review of a judgment on the pleadings was summarized by our Supreme Court in Universal Underwriters Insurance Co. v. Thompson, 776 So.2d 81, 82-83 (Ala.2000):
“ ‘A judgment on the pleadings is subject to a de novo review. Harden v. Ritter, 710 So.2d 1254, 1255 (Ala.Civ.App.1997). A court reviewing a judgment on the pleadings accepts the facts stated in the complaint as true and views them in the light most favorable to the nonmoving party. Id. at 1255-56. If matters outside the pleadings are presented to and considered by the trial court, then the motion for a judgment on the pleadings must be treated as a motion for a summary judgment. See Rule 12(c), Ala. R. Civ. P. Otherwise, in deciding a motion for a judgment on the pleadings, the trial court is bound by the pleadings. See Stockman v. Echlin, Inc., 604 So.2d 393, 394 (Ala.1992).’ ”
Lary v. Flasch Bus. Consulting, 909 So.2d 194, 197 (Ala.Civ.App.2005).
The State Farm insurance policy defines “bodily injury” as “bodily injury to a person and sickness, disease or death which results from it.” In addition, the policy provides that State Farm will:
“1. pay damages which an insured becomes legally liable to pay because of:
“A. bodily injury to others.... ”
The policy limits liability to $50,000 for each person and $100,000 for each accident. The “Limits of Liability” section further provides:
“Under ‘Each Person’ is the amount of coverage for all damages due to bodily injury to one person. ‘Bodily injury to one person’ includes all injury and damages to others resulting from this bodily injury.”
The trial court based its decision that Michael’s loss-of-consortium claim was not included in the “each person” limit on Tate v. Allstate Insurance Co., 692 So.2d 822 (Ala.1997), and City of Lanett v. Tomlinson, 659 So.2d 68 (Ala.1995). State Farm argues that Weekley v. State Farm Mutual Automobile Insurance Co., 537 So.2d 477 (Ala.1989), and Tate, when read together, stand for the proposition that the definition of bodily injury contained in State Farm’s policy, unless changed to include such items as loss of services or other terms encompassing typical loss-of-consortium damages, does not encompass loss of consortium. In addition, State Farm argues that, contrary to Michael’s assertion otherwise, Tomlinson did make loss of consortium a “bodily injury” as a matter of law.
In Weekley, our supreme court considered the same question presented today— whether a husband’s claim alleging loss of consortium was subject to the per-person limit of liability for loss provided in the *715 applicable insurance policy.[1] Weekley, 537 So.2d at 479. The Weekley opinion failed to set out the applicable policy language in its discussion of the issue. However, the court did conclude that “the limits of liability for each person, arising out of the ‘bodily injury’ to one person, include claims for loss of consortium.” Id. at 480. The court noted that, in Alabama, a loss-of-consortium claim is separate from and derivative of the injured spouse’s claim. Id. at 479. Because the policy limits had been paid to the wife, the Weekley court concluded that no further recovery was due because the husband’s claim “arises out of the bodily injury to the [wife], and not out of a separate bodily injury to [the husband].” Id. at 480. Thus, application of Weekley alone should have yielded a judgment in favor of State Farm.
However, in 1995 the supreme court considered a similar case involving whether, under the statutory cap on damages recoveries against a governmental entity, Ala.Code 1975, § 11-93-2, a husband’s loss-of-consortium damages in the amount of $50,000 were recoverable against a city in light of his injured wife’s $100,000 damages award. Tomlinson, 659 So.2d at 71. The statute provided:
“The recovery of damages under any judgment against a governmental entity shall be limited to $100,000 for bodily injury or death for one person in any single occurrence. Recovery of damages under any judgment or judgments against a governmental entity shall be limited to $300,000 in the aggregate where more than tiuo persons have claims or judgments on account of bodily injury or death arising out of any single occurrence.”
§ 11-93-2. The court went on to explain the meaning of the statute, pointing out that the clear import of the statute was that a single person’s recovery against a governmental entity was limited to $100,000 per single occurrence, two persons’ recoveries would be limited to $200,000, and three or more persons’ recoveries would be limited to $300,000. Id. at 71-72. The court explained that a “claim” under the statute was defined as a “ ‘claim ... for money damages only, which any person is legally entitled to recover as damages caused by bodily injury ....’” Id. at 72 (emphasis added). Thus, the court concluded that the husband’s loss-of-consortium damages and the wife’s physical-injury damages both arose from the wife’s bodily injury and that each spouse had a claim upon which they could each recover as much as $100,000 against the city. Id.
In 1997, the supreme court again considered whether a husband’s loss-of-consortium claim was subject to the per-person liability limit imposed upon his wife’s bodily injury claim or whether his loss of consortium was itself a bodily injury to him and therefore not subject to the per-person liability limit imposed upon his wife’s claim. Tate, 692 So.2d at 824. The Allstate policy language at issue in Tate differed in one marked respect from the language in the State Farm policy at issue here; the Allstate policy defined “bodily injury” as “ ‘bodily injury, sickness, disease or death to any person, including loss of services.’” Id. (some emphasis omitted). After noting that the “language in an insurance policy should be construed in accordance with its ordinary meaning” and that “where a policy specifically assigns to a term or phrase a meaning that goes against what is customary, the Court must not rewrite the policy,” id. at 824, the Tate *716 court concluded that, under the policy’s own definition of “bodily injury,” the husband’s claimed loss of consortium was a bodily injury and the husband was subject to his own and not his wife’s per-person limitation of liability. Id. at 824-25.
Michael convincingly argued to the trial .court that both Tomlinson and Tate effectively changed Alabama law to make a loss-of-consortium claim a bodily injury claim in all circumstances. State Farm vehemently disagreed, noting first that Tomlinson did not involve an insurance contract and that Tate actually appeared to limit its holding to “where, as in this case, an insurance policy specifically defines ‘bodily injury’ to include ‘loss of services.’ ” Tate, 692 So.2d at 825.
Careful consideration of the above discussed cases compels the conclusion that the trial court erred in determining that Tomlinson and Tate dictated a judgment in Michael’s favor requiring State Farm to provide coverage for his claim. For example, reading Tate and Weekley together, as State Farm contends, leads to a conclusion that, in general, bodily injury is not thought to include claims for loss of services or loss of consortium, unless, as was the case in Tate, a definition in an insurance policy specifically includes those claims within its “bodily injury” definition. Additionally, a fair reading of Tomlinson indicates that the holding in that case is not, as Michael argues, that a loss-of-consortium claim is a claim for bodily injury, but instead that (1) § 11-93-2 limits the amount a claimant against a governmental entity may recover as damages caused by bodily injury from a single occurrence to $100,000, and (2) that the husband’s damages and the wife’s damages, which both arose from the wife’s bodily injury, were recoverable provided each person’s recovery did not exceed $100,000. Tomlinson, 659 So.2d at 72.
We now turn to the language of the insurance policy in this case to determine whether, as State Farm contends, Michael’s loss-of-consortium claim is subject to the “each person” limitation applied to his wife’s claim or whether, as Michael urges, he is entitled to his own limitation because his loss of consortium is a bodily injury in and of itself. As noted above, “bodily injury” is defined in the policy as “bodily injury to a person and sickness, disease or death which results from it.” Unlike the definition in the policy at issue in Tate, the definition here does not include loss of services or any like term that would make Michael’s loss of consortium a bodily injury. As the court noted in Tate, “language in an insurance policy should be construed in accordance with its ordinary meaning.” Tate, 692 So.2d at 824. “Bodily” is defined as “of or relating to the body.” Merriam Webster’s Collegiate Dictionary 138 (11th ed.2003). The term “bodily injury” is defined in Black’s Law Dictionary as “[pjhysical damage to a person’s body.” Black’s Law Dictionary 801 (8th ed.2004). Thus, it appears that the ordinary meaning of the term “bodily injury” would not normally encompass injuries like loss of consortium. In light of the provision in the “Limits of Liability” section indicating that “ ‘[bjodily injury to one person’ includes all injury and damages to others resulting from this bodily injury,” the only reasonable construction of the policy is that all claims arising from the bodily injury suffered by one person, including claims of others arising from that same injury like Michael’s loss-of-consortium claim, are all included in the limit for that one person’s injury.[2]
Michael also argues that loss of consortium must be considered a bodily injury because otherwise State Farm’s positions are inconsistent. Michael bases his argument on the policy language stating that *717 State Farm will pay damages for “bodily injury to others” and State Farm’s admission that it does pay loss-of-consortium claims. Thus, according to Michael, State Farm must be considering loss of consortium as a bodily injury or it would not be paying the claims at all. However, because the policy includes derivative claims arising out of the bodily injury to one person as part of that one person’s bodily injury, State Farm would compensate that person’s spouse for his or her loss-of-consortium claim, provided that the total damages arising from that one person’s injury did not exceed the limits of liability under the policy. Michael’s argument is, therefore, unavailing.
Accordingly, we reverse the judgment in favor of Michael and render a judgment in favor of State Farm.
REVERSED AND JUDGMENT RENDERED.
THOMPSON, PITTMAN, and BRYAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.

. Although the husband in Weekley sought coverage under the uninsured-motorist provisions of his own insurance policy and not the policy of the tortfeasor as Michael does in the present case, the principles underlying the court's conclusions are the same.

. Our conclusions are supported by cases from other jurisdictions construing similar or *717 identical policy language. See, e.g., State Farm Mut. Auto. Ins. Co. v. Wolff, 926 F.2d 755 (8th Cir.1991) (holding, under the same policy language as that found in the present case, that a husband's injury — loss of consortium — results from the wife’s injury and that it is therefore compensable only under the "each person” limitation of liability applicable to the wife’s claim); Hauser v. State Farm Mut. Auto. Ins. Co., 205 Cal.App.3d 843, 252 Cal.Rptr. 569 (1988) (holding that the policy language " ‘ "[bjodily injury to one person " includes all injury and damages to others resulting from this bodily injury,' ” 205 Cal. App.3d at 845, 252 Cal.Rptr. at 570, served to make a wife's loss-of-consortium claim com-pensable under the limit applicable to her husband’s claim); and State Farm Mut. Auto. Ins. Co. v. Descheemaeker, 178 Mich.App. 729, 444 N.W.2d 153 (1989) (stating that the definition of bodily injury contained in the policy, which is exactly the same as the definition contained in the policy at issue in the present case, was unambiguous and contemplates " ‘actual physical harm or damage to a human body,’ ” 178 Mich.App. at 732, 444 N.W.2d at 154, and holding that the definition of the " ’each person’ ” limits of liability as " 'the amount of coverage for all damages due to bodily injury to one person,’ " 178 Mich. App. at 733, 444 N.W.2d at 155, "plainly subjects all damages, including any covered derivative damages, arising out of the physical/bodily injury to the person involved in the accident, to [the stated policy] limitation,” 178 Mich.App. at 734, 444 N.W.2d at 155).