This appeal, like the related appeal in Lary v. Flasch BusinessConsulting, [Ms. 2020803, Oct. 24, 2003] ___ So.2d ___ (Ala.Civ.App. 2003) (hereinafter "Flasch"), concerns the propriety of a judgment in favor of the defendant on claims asserted by John Lary d/b/a Internal Medicine Clinic under 47 U.S.C. § 227, the Telephone Consumer Protection Act of 1991 ("the TCPA"). In this case, Internal Medicine Clinic, a sole proprietorship owned and operated by John Lary, M.D. ("Lary"), sued the Tom Taylor Agency, an Alabama business entity, in the Madison Circuit Court, alleging that the Tom Taylor Agency had, on February 12, 2002, transmitted or caused the transmission of an unsolicited facsimile ("fax") advertising message to Lary via telephone lines. In addition to alleging claims under Alabama law of conversion and invasion of privacy, Lary averred that the defendant's conduct had violated four subsections of 47 U.S.C. § 227. A copy of the allegedly unlawful fax advertisement was attached as an exhibit to Lary's complaint. Lary sought an award of damages totaling $49,999.99.
The Tom Taylor Agency, after answering the complaint, filed a motion for a summary judgment, supported by the affidavit of its president, Randy Taylor. In that affidavit, Randy Taylor testified that the Tom Taylor Agency, located in Madison County, sells, leases, and brokers real estate; he admitted that the Tom Taylor Agency had sent a single fax advertisement to Internal Medicine Clinic offering a lease of commercial property. According to Randy Taylor's affidavit, the Tom Taylor Agency had no actual or constructive notice that Internal Medicine Clinic objected to receiving fax advertisements. Randy Taylor also testified that the Tom Taylor Agency did not use an automatic dialing system or an artificial or prerecorded voice in making the solicitation, that the Tom Taylor Agency did not repeat the solicitation, that the fax was not directed towards an individual and did not seek personal information about an individual, that the fax was not sent in knowing or willful violation of any law (including the TCPA), that the fax was not sent for harassing or offensive purposes, and that the fax was not false or misleading. The trial court entered a summary judgment in favor of the Tom Taylor Agency, and Lary has appealed from that judgment.
In his initial appellate brief, as in his brief in Flasch, Lary asserted errors in the trial court's judgment as to each of his claims; however, following the submission of that brief and the appellees' brief, he filed (as he did in Flasch) what he termed a "Notice of Voluntary Dismissal of Common Law Claims" in which he indicated that he now seeks review only of the trial court's judgment as to his claims arising under the TCPA. Moreover, his reply brief in this appeal concedes that the summary judgment was properly entered as to his claims alleging violations of subsections (b)(1)(A)(i), (d)(1)(A), and (d)(1)(B) of47 U.S.C. § 227. Taken together, those actions leave for appellate review only the propriety of the trial *Page 1167 
court's judgment as to Lary's claim that the Tom Taylor Agency violated47 U.S.C. § 227(b)(1)(C), which pertains to unsolicited fax advertisements; we therefore affirm the summary judgment as to all other claims.
Under Rule 56(c)(3), Ala.R.Civ.P., a trial court may properly enter a summary judgment when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Because the pertinent facts in this case are undisputed, we review the trial court's application of law to those facts to determine whether the Tom Taylor Agency was entitled to a judgment as a matter of law. See Carpenter v.Davis, 688 So.2d 256, 258 (Ala. 1997). We review the trial court's judgment under a de novo standard. See Hipps v. Lauderdale County Bd. ofEduc., 631 So.2d 1023, 1025 (Ala.Civ.App. 1993).
As we noted in Flasch, the TCPA forbids the use of "any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1)(C). Under the TCPA, an "unsolicited advertisement" is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. § 227(a)(4). Moreover, the TCPA provides that "[a] person or entity may, if otherwisepermitted by the laws or rules of court of a State, bring . . . an action to recover for actual monetary loss from" a violation of subsection (b) of 47 U.S.C. § 227 "or to receive $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3) (emphasis added).[1]
In Flasch, we concluded that Congress intended that private parties such as Lary could bring an action under 47 U.S.C. § 227(b)(3) for violations of the unsolicited-fax provisions of the TCPA such as that asserted by Lary in this action. Specifically, we rejected the proposition that states must actively "opt in" with respect to the TCPA's enforcement provisions in order for private parties to be able to seek damages or penalties under 47 U.S.C. § 227(b)(3), and we further concluded that the Alabama Legislature had not expressly "opted out" of that enforcement scheme. ___ So.2d at ___-___. We therefore reject the invitation of the Tom Taylor Agency to depart from those holdings.
Relying upon Randy Taylor's affidavit, the Tom Taylor Agency also contends that "there have not been repeated solicitations or knowing and willful violations of the TCPA . . . rising to the level of grievance suggested by [Lary]." While we agree that that evidence might be pertinent to whether the conduct of the Tom Taylor Agency was "willful or knowing" so as to warrant an enhanced penalty or damages award under47 U.S.C. § 227(b)(3), the undisputed evidence reveals that the Tom Taylor Agency, on one occasion, did send a fax advertisement to Lary; in contrast, there is no evidence that Lary offered an "express invitation or permission" to the Tom Taylor Agency to send him a fax advertisement seeking to lease commercial land. In light of the undisputed facts of this case, we conclude that the trial court erred in *Page 1168 
entering a summary judgment in favor of the Tom Taylor Agency on Lary's claim asserting a violation of 47 U.S.C. § 227(b)(1)(C). As to that claim only, the trial court's summary judgment is reversed. The cause is remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
YATES, P.J., and CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.
[1] As we noted in Flasch, the TCPA permits trebling of a monetary award if a willful or knowing violation of 47 U.S.C. § 227(b) is found. ___ So.2d at ___ n. 1.