This appeal is the second appeal to have arisen in ongoing litigation between the plaintiff, John Lary, a physician, and three defendants, Flasch Business Consulting, *Page 196 
Helmut Flasch, and Doctor Relations, Inc., based upon Lary's claims that the defendants violated the Telephone Consumer Protection Act of 1991 ("the TCPA") by sending him unsolicited facsimile ("fax") transmissions. In the first appeal, this court reversed a judgment, entered pursuant to Rule 12(b)(6), Ala. R. Civ. P., dismissing Lary's claims asserting violations of two subsections of the TCPA: 47 U.S.C. § 227(b)(1)(A)(i), which generally prohibits the use of automated telephone-dialing systems "to any emergency telephone line," and47 U.S.C. § 227(b)(1)(C), which bars the use of "any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." Lary v. FlaschBus. Consulting, 878 So.2d 1158 (Ala.Civ.App. 2003) ("FlaschI").
After the cause was remanded, counsel for the defendants filed an answer on their behalf generally denying Lary's claims and asserting various affirmative defenses, such as the statute of limitations, consent, the existence of an established business relationship, and the absence of willful or intentional conduct. In February 2004, counsel for the defendants moved for, and was granted, leave to withdraw because of a conflict of interest, and, on the joint motion of the parties, the trial court set the cause for a trial on May 10, 2004. Lary then amended his complaint to state claims against a number of additional defendants; however, he later agreed to a voluntary dismissal of those claims, leaving the action in essentially the same procedural posture as it had been before the complaint was amended.
The record contains no transcript of the proceedings that occurred before the trial court on the scheduled trial date. Lary, in his appellate brief, asserts that the defendants failed to appear at trial and that he orally moved for the entry of a default judgment under Rule 55, Ala. R. Civ. P. However, after considering the entire case file, as well as this court's opinion in Flasch I, the trial court, rather than entering a default judgment in favor of Lary, entered a judgment on September 27, 2004, in favor of the defendants. The trial court's stated rationale for entering its judgment on Lary's claims was that "[t]here is no proof [the] defendant[s] knowingly used [Lary]'s emergency telephone line,"[1] which, the trial court concluded, was the "same as [Lary's] non-emergency and fax info line"; the trial court's judgment also states that "[i]n any event any damages suffered by [Lary] would be minimal."[2]
Lary timely appealed from that judgment.
As a prerequisite to our substantive review, we must first consider the precise nature of the trial court's judgment in favor of the defendants. Despite the setting of a trial date, there appears to have been no actual trial of the issues raised by the parties' pleadings. Moreover, the trial court's judgment expressly indicates that it was based upon this court's earlier opinion and upon the matters in the case file itself; however, at the time that the trial court entered its judgment *Page 197 
on remand, the only submissions pertaining to the substantive issues in the case were Lary's complaint, as amended, and the defendants' answer. In other words, no evidentiary matter appears in the record. As a result, we will treat the trial court's judgment as having been entered pursuant to the provisions of Rule 12(c), Ala. R. Civ. P., governing judgments on the pleadings in a case. See Deaton, Inc. v. Monroe, 762 So.2d 840, 841-42
(Ala. 2000) (reviewing a judgment purporting to be a summary judgment as a judgment on the pleadings where the judgment was entered based on the pleadings and caselaw and where no evidence outside the pleadings was presented to, or considered by, the trial court).[3]
The applicable standard of review of a judgment on the pleadings was summarized by our Supreme Court in UniversalUnderwriters Insurance Co. v. Thompson, 776 So.2d 81, 82-83
(Ala. 2000):
 "A judgment on the pleadings is subject to a de novo review. Harden v. Ritter, 710 So.2d 1254, 1255
(Ala.Civ.App. 1997). A court reviewing a judgment on the pleadings accepts the facts stated in the complaint as true and views them in the light most favorable to the nonmoving party. Id. at 1255-56. If matters outside the pleadings are presented to and considered by the trial court, then the motion for a judgment on the pleadings must be treated as a motion for a summary judgment. See Rule 12(c), Ala. R. Civ. P. Otherwise, in deciding a motion for a judgment on the pleadings, the trial court is bound by the pleadings. See Stockman v. Echlin, Inc., 604 So.2d 393, 394 (Ala. 1992)."
Lary contends that the trial court erred in entering a judgment in favor of the defendants.[4] In addition to challenging the judgment on the merits, he argues that as a procedural matter he should have been awarded a default judgment based upon the defendants' alleged failure to appear in court on the scheduled trial date. In his appellate brief, he cites Roberts v.Wettlin, 431 So.2d 524 (Ala. 1983), for the proposition that a defendant's failure to appear "leaves the court no choice but to enter" a default judgment in a plaintiff's favor. However, the Supreme Court has since expressly stated that, despite any language in Roberts to the contrary, "an entry of a default judgment under Rule 55(b)(2), Ala. R. Civ. P., is a matter entrusted to the sound discretion of the trial court" and that "a movant is not entitled to a default judgment as a matter of right." City of Gulf Shores v. Harbert Int'l, 608 So.2d 348,357-58 (Ala. 1992). In this case, where Lary has sought both statutory and actual damages and treble damages from the defendants, the trial court could well have determined, in its discretion, that the matters that had been pleaded by the defendants in their answer before counsel representing them was permitted to withdraw would amount to colorable defenses to Lary's claims. Therefore, assuming *Page 198 
that Lary did indeed move for the entry of a default judgment, we conclude that the trial court acted within its discretion in denying that motion.
Lary's remaining arguments concern the substantive propriety of the trial court's judgment under the TCPA. We reiterate that in this appeal our standard of review mandates that we accept the facts stated in Lary's complaint as true and that we view them in the light most favorable to Lary. Universal Underwriters,776 So.2d at 82. In fact, our review in this appeal is not materially different from our review in Flasch I, which involved a judgment of dismissal based upon an alleged failure to state a claim. Compare Flasch I, 878 So.2d at 1160 (noting that our standard of review in that appeal was whether, when the allegations of the complaint were viewed most strongly in Lary's favor, it appeared that Lary could prove any set of circumstances that would entitle him to relief). That the defendants have now responded to Lary's complaint by filing an answer[5] does not alter the pertinent question: whether Lary's complaint states one or more valid claims under the TCPA. This court has already answered that question in the affirmative:
 "Lary's amended complaint alleged that the defendants used or caused the use of automated telephone equipment to make unsolicited and nonemergency telephone calls to an `emergency' telephone line of a physician on numerous occasions and that the defendants used a fax machine, computer, or other device to send unsolicited advertisements to his fax machine. Those allegations, if proved, would demonstrate actionable violations of 47 U.S.C. § 227(b)(1)(A)(i) and § 227(b)(1)(C), and such violations can be remedied under 47 U.S.C. § 227(b)(3) by a private civil action in the courts of this state."
Flasch I, 878 So.2d at 1164-65.
We note that under the "law of the case" doctrine, "whatever is once established between the same parties in the same case continues to be the law of that case, whether or not correct on general principles, so long as the facts on which the decision was predicated continue to be the facts of the case." Blumbergv. Touche Ross Co., 514 So.2d 922, 924 (Ala. 1987). The facts upon which Flasch I was predicated, i.e., the averments of Lary's complaint, have not changed in pertinent part; thus, the judgment of the trial court was erroneous.
Based upon the foregoing facts and authorities, we reverse the judgment of the trial court in favor of the defendants and remand the cause for further proceedings in conformity with this opinion and with Flasch I.[6]
REVERSED AND REMANDED.
CRAWLEY, P.J., and THOMPSON, MURDOCK, and BRYAN, JJ., concur.
[1] As we held in Lary v. Tom Taylor Agency, 878 So.2d 1165,1167 (Ala.Civ.App. 2003), whether a defendant acts knowingly in violating the TCPA pertains only to whether an enhanced penalty or damages award should be included in a judgment in favor of a plaintiff on a TCPA claim, not to whether a plaintiff is entitled to prevail. See also Flasch I, 878 So.2d at 1161 n. 1.
[2] Under 47 U.S.C. § 227(b), a plaintiff may bring a TCPA action to recover either (a) the actual monetary loss from a violation of that subsection or (b) statutory damages of $500 for each such violation, whichever is greater. See Flasch I,878 So.2d at 1161.
[3] Although Rule 12(c), Ala. R. Civ. P., envisions the filing of a motion for judgment on the pleadings by one of the parties to an action, caselaw and commentary addressing the analogous Rule 12(c), Fed.R.Civ.P., indicates that a trial court may properly enter a judgment on the pleadings sua sponte in a particular case "if it is clear that one side is assured of victory as a matter of law and there is no material factual dispute." 5C Charles A. Wright Arthur R. Miller, FederalPractice Procedure § 1367 n. 25 (3d ed. 2004) (citing Florav. Home Fed. Sav. Loan Ass'n, 685 F.2d 209 (7th Cir. 1982),Vickery v. Jones, 878 F.Supp. 1179 (S.D.Ill. 1995), aff'd,100 F.3d 1334 (7th Cir. 1996), and Bajenski v. Chivatero,818 F.Supp. 1083 (N.D.Ohio 1993)).
[4] We note that the defendants have not filed an appellate brief.
[5] We note that under Rule 8(d), Ala. R. Civ. P., averments in a pleading, such as an answer, to which no responsive pleading is required or permitted under the Rules of Civil Procedure are to be deemed denied or avoided by the opposing party.
[6] In light of our disposition of this appeal, we do not reach the question whether a medical physician's emergency telephone line may lose its status under 47 U.S.C. § 227(b)(1)(A)(i) as an "emergency telephone line" based on the physician's use of that line for purposes other than emergencies. *Page 199