This appeal,[1] like Lary v. Flasch BusinessConsulting, 909 So.2d 194 (Ala.Civ.App. 2005) ("Flasch II"), also decided today, involves whether a judgment in favor of particular defendants (American Medical Practice Services, Inc., and Lowell A. Davis) on claims arising under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 et seq. ("the TCPA"),[2] which was entered in response to a request by the plaintiff, John Lary d/b/a Internal Medicine Clinic ("Lary"), for the entry of a default judgment against the defendants, is correct. As it did in Flasch II,[3] the trial court based its judgment in favor of the defendants in this case upon two essential determinations: (1) that there was no proof that the defendants had knowingly sent a nonemergency facsimile transmission over Lary's telephone line (which, the trial court concluded, was used for both emergency and nonemergency purposes), and (2) that Lary's damages were de minimis.
However, as we noted in Flasch II, "whether a defendant acts knowingly in violating the TCPA pertains only to whether an enhanced penalty or damages award should be included in a judgment in favor of a plaintiff on a TCPA claim, not to whether a plaintiff is entitled to prevail." Flasch II,909 So.2d at 196 n. 1 (citing Lary v. Tom Taylor Agency, 878 So.2d 1165,1167 (Ala.Civ.App. 2003), and Lary v. Flasch Bus. Consulting,878 So.2d 1158, 1161 n. 1 (Ala.Civ.App. 2003) ("Flasch I")). Similarly, we noted in Flasch II that "[u]nder47 U.S.C. § 227(b), a plaintiff may bring a TCPA action to recover either
(a) the actual monetary loss from a violation of that subsectionor (b) statutory damages of $500 for each such violation,whichever is greater." 909 So.2d at 196 (citing Flasch I,878 So.2d at 1161). *Page 206 
Based upon our reasoning in the three previous appeals to reach this court involving TCPA claims (Flasch I, Tom Taylor Agency, and Flasch II), we conclude that the trial court's judgment entered in favor of the defendants in this case was erroneous. We reverse the trial court's judgment and remand the cause for further proceedings.
REVERSED AND REMANDED.
CRAWLEY, P.J., and THOMPSON, MURDOCK, and BRYAN, JJ., concur.
[1] The Alabama Supreme Court transferred this appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.
[2] Lary also stated state-law conversion and invasion-of-privacy claims; however, Lary voluntarily dismissed those claims on September 2, 2003.
[3] The same trial judge presided in both this case and FlaschII.