PITTMAN, Judge.
This appeal, like Lary v. Flasch Business Consulting, 909 So.2d 194 (Ala.Civ. App.2005) (“Flasch II”), also decided today, stems from a case involving claims asserted by John Lary d/b/a Internal Medicine Clinic (“Lary”) under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 et seq. (“the TCPA”), and in which an order was entered in favor of a defendant despite a request by Lary for the entry of a default judgment against the defendant (which in this case is Genelex Corporation). As it did in Flasch II,[1] the trial court entered an order determining that, as to Lary’s TCPA claims, there was no proof that the defendant had knowingly made a nonemergency facsimile transmission over Lary’s emergency telephone line and that any damages would necessarily have been de minimis.
For the reasons stated in Lary v. Flasch Business Consulting, 878 So.2d 1158, 1161 n. 1 (Ala.Civ.App.2003), Lary v. Tom Taylor Agency, 878 So.2d 1165, 1167 (Ala.Civ.App.2003), and Flasch II, there is a strong possibility that the trial court erred in entering its order concerning Lary’s TCPA claims. Unlike in those cases, however, we are without appellate jurisdiction to address the merits of Lary’s appeal in this case because the trial court in this case has yet to dispose of certain state-law *200 tort claims of conversion and invasion of privacy Lary has asserted in addition to his TCPA claims or, in the alternative, to direct the entry of a final judgment (pursuant to Rule 54(b), Ala. R. Civ. P.) as to Lary’s TCPA claims. We further note that Lary has not agreed to voluntarily dismiss his state-law claims in this case, as he did in Lary v. American Medical Practice Services, Inc., 909 So.2d 204 (Ala.Civ.App.2005), also decided today.
This appeal is dismissed ex mero motu for want of a final judgment. See, e.g., Eubanks v. McCollum, 828 So.2d 935, 937 (Ala.Civ.App.2002) (noting that an order that does not dispose of all claims is not a final judgment and that, in such an instance, an appeal may be had only upon an express determination that there is no just reason for delay and upon an express direction for the entry of a judgment under Rule 54(b), Ala. R. Civ. P.). Because the trial court has yet to enter a final judgment, that court, upon the issuance of our certificate of judgment with respect to the dismissal of this appeal, will have the authority to revisit the nonfinal order entered in this case as to Lary’s TCPA claims in light of the above-cited authorities. See Rule 54(b), Ala. R. Civ. P.
APPEAL DISMISSED.
CRAWLEY, P.J., and THOMPSON, MURDOCK, and BRYAN, JJ, concur.

. The same trial judge presided in both this case and Flasch II.