This appeal concerns the proper application of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 et seq. ("the TCPA"). In several respects, it shares characteristics with a number of recent cases decided by this court in appeals prosecuted by John Lary d/b/a Internal Medicine Clinic as to cases involving TCPA claims. Lary v. Flasch Bus. Consulting,909 So.2d 194 (Ala.Civ.App. 2005) ("Flasch II"); Lary v.American Med. Practice Servs., Inc., 909 So.2d 199 (Ala.Civ.App. 2005); Lary v. Flasch Bus. Consulting, 878 So.2d 1158
(Ala.Civ.App. 2003) ("Flasch I"); and Lary v. Tom TaylorAgency, 878 So.2d 1165 (Ala.Civ.App. 2003); see also Lary v.Genelex Corp., 909 So.2d 199 (Ala.Civ.App. 2005) (appeal dismissed because of lack of a final judgment). We refer readers of this opinion to those cases for a fuller exposition of the substantive principles governing claims under the TCPA.
In August 2002, Lary, a physician doing business under the name Internal Medicine Clinic, sued Work-Loss Data Institute ("WLDI"), a business entity that allegedly transmitted or caused the transmission of an unsolicited advertisement via telephone wires to Lary's facsimile machine despite the absence of an established business relationship between Lary and WLDI. Lary asserted claims under four subsections of 47 U.S.C. § 227 and also asserted claims arising under state-law tort theories. Lary later amended his complaint to assert that WLDI had sent him two additional unsolicited facsimile transmissions. Although a representative of WLDI filed a letter response to Lary's complaint, the trial court, on Lary's motion, struck that response on the ground that the representative was not an attorney and could not appear in the action on behalf of WLDI.
In September 2004, the trial court entered an order setting the case for trial and permitting the parties to file summary-judgment motions, supported by affidavits, by October 29, 2004. On October 28, 2004, Lary voluntarily dismissed his state-law claims;[1] he also filed a motion *Page 20 
for a summary judgment supported by his affidavit and a brief. WLDI did not file a summary-judgment motion or a response to Lary's motion. After a hearing, the trial court granted Lary's summary-judgment motion and entered a judgment in favor of Lary for $500, which is the minimum amount of damages that may be awarded upon a finding that a defendant has committed a violation of 47 U.S.C. § 227(b). Lary appeals.
Lary first contends that the trial court was required to enter a judgment by default in his favor because, he says, WLDI failed to appear or otherwise defend. For the reasons we set forth inFlasch II, we reject Lary's argument that he was entitled to an award of all of the damages he had claimed simply because WLDI's answer was struck. We further note that Rule 55(b)(2), Ala. R. Civ. P., envisions that the trial court should, after a hearing, ascertain the proper amount of damages to be awarded under a default judgment where, as here, there is uncertainty as to the proper amount of damages to award. See J P Constr. Co. v.Valta Constr. Co., 452 So.2d 857, 859-60 (Ala. 1984). The trial court's decision to award damages that were less than what Lary was seeking is not, therefore, erroneous per se.
Whether the damages award was correct on the facts of this case remains to be considered, however. We start with the proposition that we review a summary judgment de novo. See, e.g., Monroe v.Martin, 726 So.2d 701, 702 (Ala.Civ.App. 1998). "Ruling on a summary judgment motion is a `nondiscretionary function of the trial court,' and on appeal a summary judgment carries no presumption of correctness." Hornsby v. Sessions,703 So.2d 932, 938 (Ala. 1997) (quoting Hightower Co. v. United StatesFid. Guar. Co., 527 So.2d 698, 701 (Ala. 1988)).
In this case, the sole facts upon which the trial court's judgment is based are those set forth in Lary's affidavit in support of his summary-judgment motion. That affidavit indicates that Lary received three unsolicited facsimile transmissions containing advertisements from WLDI that were sent on behalf of WLDI by National Physicians Data Source, L.L.C. Lary contends on appeal that those three facsimile transmissions constituted (1) three separate violations of 47 U.S.C. § 227(b)(1)(A)(i), which renders unlawful the making of any telephone call using an automated telephone dialing system, other than a call made for emergency purposes or made with the prior express consent of the party being called, "to any emergency telephone line," which includes "any emergency line of a . . . medical physician or service office" or of a "health care facility"; and (2) three separate violations of 47 U.S.C. § 227(b)(1)(C), which forbids the use of "any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine."[2]
To a limited extent, and applying the governing de novo
standard of review, we agree with Lary's contentions. Based upon its summary judgment and its award of damages, the trial court obviously determined that Lary had demonstrated an actionable violation of one of the two subsections of 47 U.S.C. § 227(b)(1) upon which Lary relied and awarded statutory damages of $500 based upon that determination. However, that award failed to account *Page 21 
for the fact that, according to Lary's affidavit, WLDI sent not one, but three, separate facsimile transmissions. Because Lary, in his affidavit, expressly waived his claim to actual damages, Lary, at a minimum, would necessarily be entitled to recover no less than a total of $1,500 from WLDI under47 U.S.C. § 227(b)(3)(B), which provides that a party entitled to bring a private action under the TCPA may "receive $500 in damages for each such violation." To the extent that the trial court awarded only $500, then, that court erred.
However, we do not agree with Lary's other contentions that he was undisputedly entitled to a greater award of damages. First, Lary's affidavit indicates that his "emergency telephone line" is used to send and receive patient medical records via facsimile. Although such records are, as Lary stated in his affidavit, "often needed on an emergency basis," the trial court could have inferred that Lary's facsimile line was commonly used for purposes other than the immediate preservation of life and limb and that it, therefore, did not constitute a bona fide "emergency telephone line" within the intended scope of47 U.S.C. § 227(b)(1)(A)(i). Similarly, the trial court could also have properly determined that an enhanced award of damages, permissible under 47 U.S.C. § 227(b)(3),[3] was not appropriate in this case because Lary did not meet his burden of demonstrating that WLDI willfully or knowingly violated the TCPA (or, alternatively, that court, in its discretion, may have concluded that such a willful or knowing violation, even if shown, would not warrant an increase in the amount to be awarded to Lary).
Except to the extent that the trial court awarded Lary only $500 in damages, we affirm the judgment of the trial court. The judgment is reversed and the cause is remanded with instructions to enter a judgment in favor of Lary in the amount of $1,500 in conformity with the TCPA.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, P.J., and THOMPSON and BRYAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.
[1] Although Lary, as he did in Flasch I, has filed in this court a "notice of voluntary dismissal" of those claims, that filing is redundant in this case in light of his earlier voluntary dismissal of those claims in the trial court.
[2] Lary has abandoned his claims that WLDI contravened47 U.S.C. § 227(d)(1), violations of which, as we held in FlaschI, 878 So.2d at 1165, are not actionable by private parties.
[3] That section provides, in pertinent part, that "[i]f the court finds that the defendant willfully or knowingly violated"47 U.S.C. § 227(b)(3), "the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under [47 U.S.C. § 227(b)(3)(B)]," i.e., $500 per violation. 47 U.S.C. § 227(b)(3) (emphasis added).