DONALDSON, Judge.
Tabatha Kendrick (“the former wife”) appeals an order of the Jackson Circuit Court (“the trial court”) entered on June 25, 2014, dismissing her petition to modify alimony and for a finding of contempt *905 against William Congo (“the former husband”).
The parties were married in 1991. The former husband filed for a divorce on January 27, 2011. On May 23, 2011, the trial court entered pendente lite orders requiring the former husband to pay the former wife $1,400 per month in spousal support and to pay certain monthly bills. The parties reached a settlement agreement that the trial court approved and entered as a final judgment of divorce on January 12, 2012 (“the divorce judgment”). Pursuant to that agreement, the former husband agreed to continue paying the obligations set out in the pendente lite orders for six months and then to pay to the former wife $2,400 per month as temporary periodic alimony for 24 months thereafter. The divorce judgment ordered the former husband to maintain health insurance for the benefit of the former wife for 36 months unless she became otherwise insured. The divorce judgment further provided that “[former] Husband and [former] Wife agree that the Court retains jurisdiction to review alimony and medical insurance provisions in two (2) years to determine whether it should be terminated, decreased or increased.”
On October 21, 2012, the former wife filed a petition in the trial court (“the .01 action”) seeking to modify the alimony provisions of the divorce judgment and to hold the former husband in contempt for allegedly failing to pay alimony and to maintain life insurance for the benefit of the former wife in accordance with the divorce judgment. The former husband filed a motion to dismiss the petition, asserting that the former wife’s petition was not ripe because two years had not elapsed from the entry of the divorce judgment. After a hearing on May 6, 2013, the trial court entered an order on May 23, 2013, dismissing the .01 action and ruling that the divorce judgment was an • integrated-bargain agreement that, by its own terms, was not reviewable by the trial court before July 2014, i.e., when the initial two-year period during which, pursuant to the divorce judgment, the former husband was obligated to pay temporary periodic alimony expired. On May 24, 2013, the former wife filed a motion to alter, amend, or vacate the trial, court’s May 23 order .dismissing the .01 action. On July 11, 2013, the trial court entered an order granting in part and denying in part the former wife’s motion; specifically, the trial court reinstated the portions of the .01 action that did not pertain to the former wife’s request for a modification of alimony.
A trial was scheduled for March 17, 2014, on the remaining claims for contempt in the .01 action. On February 27, 2014, the former wife filed a motion for clarification of the trial court’s orders of May and July 2013, asking, among other things, “whether the court will hear the arguments and testimony regarding continued periodic alimony at the 3/17/14 hearing.” The trial court entered an order the next day, stating:
“By order of May 23, 2013, this court dismissed the [former wife’s] alimony modification, petition as unripe. See order attached hereto as Exhibit ‘A.’ Therefore, that petition no longer exists; it is not pending; it cannot be heard on March 17, 2014, or, for that matter, at any other time.
“When the modification of alimony is ripe, a new petition may be filed at. that time, served on the [former husband] and will be set in the ordinary course of business.”
A trial was held on March 17, 2014, on the remaining claims in the .01 action. On March 21, 2014, the former wife filed a new petition (“the .02 action”), requesting that the trial court modify the alimony *906 obligations of the former.husband before August 2014, that the trial court find the former husband in contempt for failure to maintain health-insurance coverage for the former -wife, and that the trial court order the former- husband to pay the former wife’s legal fees in obtaining the relief sought.
On March-31, 2014, the trial court entered an order denying the former wife’s remaining claims in the .01 action, finding that the former husband had met or exceeded his obligations under the divorce judgment. Neither party appealed the tri-: al court’s March 31, 2014, -order in the .01 action.
On April 18, 2014, the former husband filed a motion to dismiss the .02 action on the ground that the trial court had already ruled in the .01 action that the divorce judgment was- an integrated bargain - and not ripe for modification before -July 2014. The former husband also requested attorney fees; however, the former husband did not specify the legal basis for an award of such fees.
On June 25, 2014, the trial court entered an order dismissing the .02 action. The trial court stated, in part:
“The court has previously entered orders in this case'which ought to have been clear and explicit to both sides, especially as to when the matter of the modification of the alimony from the [former] husband to the' [former] wife would be ripe. By the terms of the parties’ own agreement and by- prior court order, this subject is not ripe until July 2014.
“The court held' this in its-order of May 23, 2013:
“ ‘That agreement envisions and anticipates that the parties’, alimony agreement would not be reviewed by this court until July -2014, and not before.’
“The court held .this ... in its order of July 11, 2013:
“ ‘That portion of the motion to alter, amend or vacate related to the court’s finding that the parties’ original Marital Settlement Agreement is an integrated bargain agreement and not subject, by its own terms, to modification before July 2014 is DENIED. The court reaffirms its holding and ruling that the agreement and order are not modifiable until July 2014. The parties’' agreement is clear and unequivocal on this issue — it. shall be reviewed in two years and not before ....’”
The trial court noted that the ruling had been reaffirmed in response to the former wife’s motion seeking clarification as to whether the alimony-modification request would be heard at the March 17, 2014, hearing, and the court stated:
“Yet, despite all this, four days after the trial of March 17, 2014, and even before the court could write and publish its order, the [former wife] filed yet another alimony modification petition, despite being told repeatedly by this court that the issue could not be filed, considered or heard prior to July 2014.”
(Emphasis in original.) The trial court stated that because the matter was not ripe for adjudication, it did "not have subject-matter jurisdiction to consider the former wife’s petition for modification. The trial court further stated:
“July 2014 is now upon us and this petition, or one like it, will be filed again in a week’s time. Then and only then will it be ready for consideration by the court. It seems a waste of time, court costs and attorney fees to dismiss it now, but in reality it is as unripe today as it was on any of the other occasions it has been raised with the court. The *907 court could not consider it - even if it. wished to do so,. Likewise, time, will not heal this matter; the turning of the calendar from June thirtieth to July first will not cure the petition’s unripeness, either. It was void ab initio, is now and ever shall be.
“The repeated obstinate failure of the [former wife] to heed this court’s instructions and directives, and her refusal to follow the law as explained herein-above, mean[s] that the court has no choice but to ■ dismiss the matter, once again.”
The trial court expressly dismissed all the former wife’s claims for relief in the .02 action, “provisionally granted” the former husband’s request for attorney fees, ordered the former husband’s attorney to file an affidavit in support of an award of a specific amount of attorney fees, and specifically denied all other relief. The trial court taxed costs to the former wife and stated: “This is a final and appealable order for all purposes and, there being no just cause for delay, the clerk shall forthwith issue a final judgment on this matter.”
On July 18, 2014, the former wife filed a notice of appeal to this court in the .02 action. On appeal, the former wife argues three issues: 1) whether the trial court erred in dismissing the former wife’s petition in the .02 action insofar as she sought to modify the alimony award; 2) whether the trial court erred in dismissing the former wife’s claims for contempt in the .02 action; and 3) whether the trial court erred in awarding attorney fees to the former husband in the .02 action.
Regarding the dismissal of her claim to modify alimony, the former 'wife argues that the trial court’s orders in the .01 action were inconclusive regarding whether the trial court believed it had jurisdiction to consider a modification of alimony before the expiration of the two-year period during which, pursuant to the divorce judgment, the former husband was obligated to pay temporary periodic alimony, and that therefore, the trial court’s order in the .02 action was the first definitive ruling on the issue. We disagree. The trial court’s May 23,2013, order in the .01 action stated that the parties’ divorce “agreement envisions and anticipates that the parties’ alimony agreement would [not] be reviewed by this court until July 2014, and not before,” and that order dismissed “that portion of the [wife’s] petition seeking to modify alimony prior to July 2014.” Further, the trial court’s July 11, 2013, order in the .01 action in response to the former -wife’s motion to alter, amend, or vacate stated: . .
“That portion - of the motion to alter, amend or vacate related to the court’s finding that the parties’ original Marital Settlement Agreement is an integrated bargain agreement and not subject, by its own terms, to modification before July 2014 is DENIED. The court reaffirms its holding and ruling that the agreement and order are not modifiable .until July 2014. The.parties’ agreement is clear and unequivocal on this issue — it shall be reviewed in two years and not before....”
The trial court reiterated in its February 28, 2014, and March .31, 2014, orders in the .01 action that it would not hear a request to.modify alimony before .July 2014, per the agreement of the parties, that there was no pending request to modify alimony to address, and that the former wife would have to file a new petition to modify alimony once the issue was ripe for review.
Those orders notwithstanding, the former wife argues on appeal that the “trial court’s .01 statement that July 2014 is the magic date is stated in dicta.” (Emphasis in original.) To the contrary, the *908 trial court repeatedly ruled in the .01 action that the divorce judgment incorporated an integrated bargain that by its own terms was not renewable until July 2014. The former wife did not seek to have the July 2013 order denying her motion to alter, amend, or vacate the dismissal of her alimony-modification claim made final pursuant to Rule 54(b), Ala. R. Civ. P., nor did she file a notice of appeal within 42 days of the entry of the March 31, 2014, order dismissing the .01 action completely. We note that,
“under the ‘law of the case’ doctrine, ‘whatever is once established between the same parties in the same case continues to be the law of that case, whether or not correct on general principles, so long as the facts on which the decision was predicated continue to be the facts of the case.’ Blumberg v. Touche Ross & Co., 514 So.2d 922, 924 (Ala.1987).”
Lary v. Flasch Bus. Consulting, 909 So.2d 194, 198 (Ala.Civ.App.2005). The former wife makes no argument that the facts on which the trial court’s decision in the .01 action was made changed between the time the alimony-modification request in the .01 action was disposed of and the time the .02 action was commenced. Therefore, the trial court’s orders in the .01 action became the law of the case, and the trial court’s dismissal of the former wife’s petition in the .02 action is due to be affirmed insofar as it dismissed her renewed request to review and modify alimony before July 2014.
The former wife next argues that the trial court erred in completely dismissing the .02 action. Specifically, the former wife argues that the issue whether the former husband was in contempt for his alleged failure to maintain health insurance for the benefit of the former wife “was a new issue which had not been raised in the .01 case” and that “[e]ven if the appellate court finds the trial court committed no reversible error in dismissing claims for alimony modification, the remaining issues in the .02 case were still due to be heard.” The former husband argues that any error in dismissing the .02 action in its entirety was harmless error because “[t]he [former] Wife filed a new Petition on the 22nd day of July, 2014 alleging the same contempt issues as the .02 case.” Therefore, the former husband argues the former wife’s appeal of this issue is moot.
Although the record contains an order from the trial court indicating that an action containing a .03 case designator (“the .03 action”) exists, the record does not contain any documents from the .03 action or any documents showing that the former wife is asserting claims for relief in that action that are identical to the claims the trial court dismissed in the .02 action. Moreover, we cannot consider matters outside the record.
“In Nance v. Matthews, 622 So.2d 297 (Ala.1993), [the supreme court] stated the standard of review applicable to a ruling on a motion to dismiss:
“ ‘On appeal, a dismissal is not entitled to a presumption of correctness. The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle [it] to relief. In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [it] may possibly prevail. We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim *909 that would entitle the plaintiff to relief.’
“622 So.2d at 299 (citations omitted).”
Knox v. Western World Ins. Co., 893 So.2d 321, 322 (Ala.2004). In this case, the former wife’s petition in the .02 action alleged that she had “been informed that her health insurance was cancelled as of December, 2013, for lack of payment by the [former husband], in contempt of the prior orders.” It appears possible that the former wife could prove a set of circumstances entitling her to relief, and the former husband has not argued to the contrary. See Knox, 893 So.2d at 322. Therefore, insofar as the trial court’s June 25, 2014, order in the .02 action dismissed the former wife’s contempt claim against the former husband based on his failure to maintain health insurance for the former wife’s benefit, as required by the divorce judgment, we hold that the order must be reversed.
The former wife next argues that the trial court erred in awarding attorney fees to the former husband in the .02 action. The former wife argues that the award of attorney fees should be reversed if any portion of the June 25, 2014, order in the ,02 action is reversed. The trial court’s June 25, 2014, order states: “The [former husband’s] requests for attorney’s fees and expenses is provisionally GRANTED. His attorney shall file an affidavit within fourteen (14) days hereof detailing those fees and expenses and the court shall consider a further award of the same.” (Emphasis added.) The record contains an affidavit from the former husband’s attorney in support of his claimed fees and expenses. However, there is no further order in the record indicating what amount, if any, that the trial court might have awarded after the entry of the June 25, 2014, “provisional” award. The order in the .02 action is sufficiently final for purposes of appellate review. See Edwards v. Edwards, 999 So.2d 939, 941 (Ala.Civ.App.2008)(“As we recently noted in Blankenship v. Blankenship, 963 So.2d 112 (Ala.Civ.App.2007), ‘an unadjudicated claim for an attorney’s fee does not affect the finality of a judgment.’ 963 So.2d at 114 n. 2.”). Accordingly, because there is no indication in the record that the trial court has awarded a specific amount of attorney fees, that issue is not yet properly before this court.
Therefore, the June 25, 2014, order is affirmed with respect to the dismissal of the former wife’s claim seeking to modify alimony, and it is reversed with respect to the dismissal of the former wife’s claim for a finding of contempt against the former husband. We remand the matter for further proceedings consistent with this opinion. We note that our holding results in the reinstatement of the .02 action to the extent that the former wife sought to hold the former husband in contempt and that the two-year period during which, pursuant to the divorce judgment, the former husband was obligated to pay temporary periodic alimony has expired.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
THOMAS, J., concurs in the result, without writing.