This appeal, like a number of other appeals recently brought by John Lary d/b/a Internal Medicine Clinic, concerns claims Lary has asserted against particular defendants that have allegedly sent him unsolicited facsimile transmissions in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 et seq. ("the TCPA").
In July 2001, Lary sued OnCourse Technologies, Inc. ("OnCourse"), a business entity that, Lary claimed, had sent or caused to be sent an unsolicited facsimile transmission to Lary's telephone line. Lary alleged that OnCourse's conduct violated four subsections of 47 U.S.C. § 227 and amounted to actionable conduct under state-law tort theories of conversion and invasion of privacy. After answering Lary's complaint, OnCourse filed a motion for a summary judgment; Lary then amended his complaint so as to name LBI Group, Inc. ("LBI"), VSB Financial Consulting, Inc. ("VSB"), and Jessie Boskoff as additional defendants. In his amended complaint, Lary asserted that those additional defendants had conspired with OnCourse to assist OnCourse in implementing a "marketing plan" to send "illegal facsimile advertisements." Of the defendants added in the amended complaint, only LBI attempted to respond to the amended complaint, sending an unsigned copy of a purported responsive pleading.
On June 19, 2002, after a hearing, the trial court entered a summary-judgment order in favor of OnCourse as to all claims against it and directed the entry of a final judgment as to that order pursuant to Rule 54(b), Ala. R. Civ. P. Lary filed a motion, pursuant to Rule 60(b), Ala. R. Civ. P., seeking relief from the summary judgment in favor of OnCourse; however, the trial court denied that motion on January 3, 2003. Lary did not file a notice of appeal from the summary judgment in favor of OnCourse or from the order denying his Rule 60(b) motion within 42 days of the entry of that judgment or that order.
Lary filed a motion to strike the pleading that had been filed on behalf of LBI; that motion was ultimately granted. Lary then moved for the entry of a default and for a default judgment as to LBI and VSB. Although the circuit court clerk noted the default of LBI and VSB, the trial court called upon Lary to provide an affidavit supporting his claims. Lary then filed such an affidavit. The trial court, on September 27, 2004, entered a judgment on the case action summary sheet that dismissed the claims against Boskoff because of lack of service and determined the *Page 1282 
claims against LBI and VSB in their favor based upon the statements in Lary's affidavit. On October 29, 2004, Lary filed a notice of appeal naming LBI and VSB as appellees and indicating the September 27, 2004, judgment as the judgment under review.
Interestingly, Lary devotes the bulk of his appellate brief to a discussion of the propriety of the summary judgment in favor of OnCourse, a party that has not been named as an appellee. Assuming, without deciding, that Lary's omission of OnCourse as an appellee and the failure of the notice of appeal to include the June 19, 2002, summary judgment or the January 3, 2003, order denying Rule 60(b) relief are mere clerical errors that may be remedied under Rule 3, Ala. R.App. P., we are without jurisdiction to address the merits of Lary's contentions concerning whether the trial court properly entered a summary judgment in favor of OnCourse or whether the trial court's entry of a final judgment as to Lary's claims against OnCourse was proper. See Lary v. Gardener, 908 So.2d 955, 957 n. 1 (noting that where Lary did not file a notice of appeal within 42 days of the trial court's direction of a final judgment as to a partial summary judgment entered in favor of one defendant, this court was without jurisdiction to consider the propriety of the summary judgment, citing Bagley v. Mazda Motor Corp., 864 So.2d 301,315-17 (Ala. 2003)).
As to LBI and VSB, Lary contends that the trial court lacked discretion to enter a judgment in their favor because, he says, both of those defendants were in default. In other appeals involving similar claims that have been brought by Lary against various defendants in the same trial court, we have upheld the power of the trial court to enter a judgment that grants none, or only some, of the relief requested by Lary despite the existence of a default. See, e.g., Lary v. Flasch Bus. Consulting,909 So.2d 194, 197 (Ala.Civ.App. 2005) (noting that whether to enter a default judgment is a matter entrusted to the sound discretion of the trial court and that a movant is not entitled to a default judgment as a matter of right; citing City of Gulf Shores v.Harbert Int'l, 608 So.2d 348, 357-58 (Ala. 1992)); see alsoLary v. Work-Loss Data Inst., 911 So.2d 18, 20 (Ala.Civ.App. 2005) (holding that Lary was not entitled to recover from a defendant all of the damages he claimed simply because that defendant's answer was struck).
In this case, the trial court based its judgment in favor of LBI and VSB upon the statements in Lary's affidavit. That affidavit, in turn, relied upon an affidavit filed by a representative of one of OnCourse's subsidiaries in support of OnCourse's summary-judgment motion ("the OnCourse affidavit"). Because the trial court did not take oral testimony, our standard of review is de novo, i.e., without any presumption of correctness. Craig Constr. Co. v. Hendrix, 568 So.2d 752, 756
(Ala. 1990) (noting that an appellate court sits "in judgment on the evidence" where the trial court sits without a jury and hears evidence in the form of documents).
According to the OnCourse affidavit, LBI acted as an independent contractor to promote OnCourse within the community of brokerages; in turn, LBI hired VSB to act as an independent contractor to assist it in discharging its contractual duties to OnCourse. That affidavit also indicates that it was VSB, not LBI, that hired Boskoff, who selected a set of telephone numbers to be sent facsimile transmissions advertising OnCourse as a company worthy of investment and who actually sent Lary the facsimile advertisement made the basis of Lary's claims. Moreover, Lary testified *Page 1283 
via affidavit that he did not give consent to receive the advertisement.[1]
Under 47 U.S.C. § 227(b), liability is affixed upon "any person" who makes telephone calls or uses a telephone-facsimile machine in contravention of the principles stated therein. The consulting agreement between LBI and VSB, which was attached to the OnCourse affidavit and which was relied upon by Lary in his affidavit, specifically stated that VSB would provide services to LBI "as an independent contractor" and disclaims the existence of any "partnership" or "joint venture" between the two companies. In contrast, there is no evidence in the record tending to show that any person under the direct control of LBI made any offending telephone calls or facsimile transmissions. Because Lary adduced no independent evidence tending to show direct involvement on the part of LBI in the decision to send, or in the sending of, the pertinent advertisement via facsimile to Lary, evidence that might have contradicted the recitals of the consulting agreement, we conclude that the trial court correctly entered a judgment in favor of LBI. Wood v. Shell Oil Co.,495 So.2d 1034, 1037 (Ala. 1986).
However, we reach a contrary conclusion with respect to VSB. According to the OnCourse affidavit, Boskoff was hired by VSB to assist in promoting OnCourse, and he was the individual who sent the facsimile transmission to Lary, which, as Lary testified in his affidavit, was unsolicited. As a federal district court interpreting the TCPA recently noted in Accounting Outsourcing,LLC v. Verizon Wireless Personal Communications, L.P.,329 F.Supp.2d 789 (M.D.La. 2004), "congressional tort actions," such as those authorized under the TCPA, "implicitly include the doctrine of vicarious liability, whereby employers are liable for the acts of their agents and employees." 329 F.Supp.2d at 806
(citing Meyer v. Holley, 537 U.S. 280, 285, 123 S.Ct. 824,154 L.Ed.2d 753 (2003)).
At a minimum, the record indicates that an agent or employee of VSB sent an unsolicited facsimile advertisement to Lary in contravention of 47 U.S.C. § 227(b)(1)(C). In addition, the statements in Lary's affidavit concerning his telephone-facsimile line indicate that VSB may also have simultaneously violated47 U.S.C. § 227(b)(1)(A)(i), which pertains to non-emergency calls to "emergency telephone line[s]." We thus conclude that on this record the trial court erred in entering a judgment in favor of VSB as to both of Lary's claims under47 U.S.C. § 227(b).[2]
Based upon the foregoing facts and authorities, the judgment in favor of VSB as to Lary's claims under 47 U.S.C. § 227(b) is reversed. The cause is remanded to the trial court for further proceedings on Lary's claims against VSB arising under47 U.S.C. § 227(b)(1)(C) and 47 U.S.C. § 227(b)(1)(A)(i). The judgment is otherwise affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED. *Page 1284 
CRAWLEY, P.J., and THOMPSON and BRYAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.
[1] The TCPA mandates that a sender of a facsimile advertisement obtain the recipient's "prior express invitation or permission" before sending that advertisement.47 U.S.C. § 227(a)(4).
[2] Lary has not argued on appeal that the trial court erred in entering a judgment in favor of the defendants on his state-law tort theories or on his claims under 47 U.S.C. § 227(d)(1). We, therefore, deem any error in the judgment as to those claims to have been waived. See, e.g., Waddell Reed, Inc. v. UnitedInvestors Life Ins. Co., 875 So.2d 1143, 1167 (Ala. 2003).