STUART, Justice.
John Lary, a physician and the sole proprietor of Internal Medicine Clinic, sued ZymeTx, Inc., an Oklahoma corporation, alleging that ZymeTx “initiated or sent or transmitted or engaged others to initiate or send or transmit on its behalf unsolicited advertisement communications by wire which were received by [Lary] via *636 his telephone facsimile machine.” The circuit court sua sponte dismissed the complaint; Lary appealed. The Court of Civil Appeals affirmed, without an opinion. Lary v. ZymeTx, Inc. (No. 2040330, June 30, 2005), 945 So.2d 499 (Ala.Civ.App.2005)(table). This Court granted Lary’s petition for a writ of certio-rari to determine whether the decision of the Court of Civil Appeals conflicts with its decision in Lary v. VSB Financial Consulting, Inc., 910 So.2d 1280 (Ala.Civ.App.2005). We reverse and remand.

Facts

According to the complaint, Lary is a physician doing business under the name of Internal Medicine Clinic, and he is engaged in the delivery of emergency medical services. Lary has a telephone line, designated as an “emergency telephone line,” that is connected to his voice telephone and to his facsimile machine. The purpose of this emergency telephone line is to “make and receive emergency telephone voice calls related to emergency medical services, and send and receive emergency facsimile transmissions for the purpose of rendering emergency medical services.” In his complaint, Lary alleges that on September 11, 2002, ZymeTx either sent or caused to be sent on its behalf via facsimile to Lary’s emergency telephone line an unsolicited advertisement. According to Lary, he has no business relationship with ZymeTx and did not give ZymeTx permission to send an advertisement to any telephone facsimile of his. Lary sued ZymeTx, alleging that ZymeTx had violated certain provisions of the Telephone Consumer Protection Act of 1991 (“the TCPA”). See 47 U.S.C. § 227(b)(1)(C), 47 U.S.C. § 227(b)(1)(A)(i), and 47 U.S.C. § 227(d)(1)(A) and (B). Lary also asserted claims of conversion, invasion of privacy, and pattern of misconduct. ZymeTx did not enter an appearance or answer Lary’s complaint.
On December 1, 2004, Lary moved for a default judgment and requested damages in the amount of $3,000. On December 3, 2004, the circuit court sua sponte dismissed the complaint for “lack of proof.” The circuit court’s order in the case-action summary indicates that the dismissal of the complaint was based on the theory that the averment in Lary’s complaint that Zy-meTx or others sent the unsolicited facsimile was subject to the interpretation that “others” had sent the facsimile rather than ZymeTx itself and that those others were not shown to have been acting as agents employees of ZymeTx.

Standard of Review

“A judgment on the pleadings is subject to a de novo review. Harden v. Ritter, 710 So.2d 1254, 1255 (Ala.Civ.App.1997). A court reviewing a judgment on the pleadings accepts the facts stated in the complaint as true and views them in the light most favorable to the nonmoving party. Id. at 1255-56.... [I]n deciding a motion for a judgment on the pleadings, the trial court is bound by the pleadings. See Stockman v. Echlin, Inc., 604 So.2d 393, 394 (Ala.1992).”
Universal Underwriters Ins. Co. v. Thompson, 776 So.2d 81, 82-83 (Ala.2000).

Legal Analysis

Lary contends that the Court of Civil Appeals erred in affirming the circuit court’s dismissal of his complaint. Specifically, he argues that the circuit court’s dismissal of his complaint conflicts with the holding of the Court of Civil Appeals in Lary v. VSB Financial Consulting, supra.
Initially, we note that in the procedural posture of the case at the time the circuit court dismissed the action, Lary did not have a burden to adduce any “proof’; therefore, we conclude that the circuit court’s dismissal of the action was based *637 on what it perceived to be an inadequacy in the pleadings.
In similar actions, the Court of Civil Appeals has stated the following with regard to actions filed alleging violations of the TCPA:
“[T]he TCPA forbids the use of ‘any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine.’ 47 U.S.C. § 227(b)(1)(C). Under the TCPA, an ‘unsolicited advertisement’ is ‘any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person’s prior express invitation or permission.’ 47 U.S.C. § 227(a)(4). Moreover, the TCPA provides that ‘[a] person or entity may, if otherwise permitted by the laws or rules of court of a State, bring ... an action to recover for actual monetary loss from’ a violation of subsection (b) of 47 U.S.C. § 227 ‘or to receive $500 in damages for each such violation, whichever is greater.’ 47 U.S.C. § 227(b)(3) (emphasis added).
“... Congress intended that private parties such as Lary could bring an action under 47 U.S.C. § 227(b)(3) for violations of the unsolicited-fax provisions of the TCPA....”
Lary v. Tom Taylor Agency, 878 So.2d 1165, 1167 (Ala.Civ.App.2003)(footnote omitted).
In Lary v. VSB Financial Consulting, a case factually similar to the case before us, the Court of Civil Appeals held that actions authorized pursuant to the TCPA “ ‘implicitly include the doctrine of vicarious liability, whereby employers are liable for the acts of their agents and employees.’ ” 910 So.2d at 1283 (quoting Accounting Outsourcing, LLC v. Verizon Wireless Personal Communications, L.P., 329 F.Supp.2d 789, 806 (M.D.La.2004)). In VSB Financial, the evidence indicated that VSB had hired the person who sent Lary the unsolicited facsimile advertisement. The Court of Civil Appeals concluded that “[a]t a minimum, the record indicated that an agent or employee of VSB sent an unsolicited facsimile advertisement to Lary in contravention of’ certain provisions of 47 U.S.C. § 227. 910 So.2d at 1283. Thus, the Court of Civil Appeals concluded that a cause of action for violating the TCPA could be based on the doctrine of vicarious liability.
Here, it appears that Lary satisfied his burden of pleading a cause of action for violating the TCPA based on the doctrine of vicarious liability. In his complaint, Lary provided alternative averments. Lary alleged that ZymeTx “itself’ did the wrongful act or, in the alternative, that ZymeTx “engaged others to initiate or send or transmit [the unsolicited advertisement] on its behalf.” Rule 8(e)(2), Ala R. Civ. P., provides that “[w]hen two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements.” Thus, Lary’s alternative averments are sufficient, in light of application of the doctrine of vicarious liability, to satisfy Lary’s burden of pleading, and the circuit court exceeded the scope of its discretion when it dismissed Lary’s action.

Conclusion

The judgment of the Court of Civil Appeals is reversed, and this cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
SEE, LYONS, HARWOOD, WOODALL, SMITH, BOLIN, and PARKER, JJ., concur.
NABERS, C.J., concurs in the result.