[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10657
Non-Argument Calendar

_____

D.C. Docket No. 4:16-cv-01432-VEH

JACQUELINE COOLEY,
HEATHER ADAMS,
ROSIE BOYD,
EBONY BYERS,
SHAKELIA CALHOUN,
KIMBERLY CAMPBELL,
MYRANIA CARLTON,
JEWELL CHANDLER,
JALYSA EMBRY,
APRIL EVANS,
VONCEL FREEMAN,
LEASA GOWERS,
TASHA HARRIS,
CECELIA HAWKINS,
ELLEON HERRING,
ALMELIA HILL,
JOHNNIE HOLLIS,
SHANELLE HURRELL,
REGINA ISAAC,
TRAVIS IVY,
ANGELA JONES,
SANTRECIA KELLY,
SARAH MARBURY,
ANGELA MCCRAY,

MARGARET MIXON,
VANESSA MOTEN,
PATRICIA PARKS,
DENETHA PETTY,
BETTY PHILLIPS,
PATRICIA ROBINSON,
TOINETTA SUTTON,
CHERVON TANNER,
TRENEIA TOYER,
CLARISSA TRUSS,
SUJUTORIA TRUSS,
CAMEKA TURNER,
DAVID VAUGHAN,
DEBRA VAUGHAN,
JILL VAUGHAN,
PATRICIA WALLACE,
CONSTANCE WILLIAMS,
ANGELA WILSON,
RUBY WILSON,
ANDREA WOOD,

Plaintiffs-Appellants,

versus

HMR OF ALABAMA, INC.,
d.b.a. Robert L. Howard Veterans Home,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(September 6, 2018)

Before ED CARNES, Chief Judge, TJOFLAT, and NEWSOM, Circuit Judges.

PER CURIAM:

The plaintiffs are 44 employees of HMR of Alabama, Inc.  They appeal the dismissal of their Fair Labor Standards Act and state law claims for unpaid overtime and gap time wages.

## I.

All of the plaintiffs work for HMR at Robert L. Howard Veterans Home. Thirty-three of the plaintiffs are certified nursing assistants or "CNAs"; three are licensed practical nurses or "LPNs"; and eight hold dual positions, such as "CNA/Concierge" and "Driver/Driver Coordinator."  In August 2016 they filed a joint complaint alleging claims for overtime wages under the FLSA, 29 U.S.C. § 201, and a class action claim for gap time wages under Alabama's common law theories of quasi-contract/work and labor done/quantum meruit.[1]  The employees alleged that they had worked without compensation during their meal breaks for the past six years.  HMR filed a motion to dismiss, which the district court granted without prejudice as to the FLSA claims and denied as to the state law claim.  For the FLSA claims, the court noted that to state a successful claim, each employee needed to allege at least one work week where they worked more than 40 hours and the type of compensable work they performed during meal periods.

---

[1] The employees also brought a claim for breach of implied contract based on the employee handbook, which they voluntarily dismissed.

3

The employees filed an amended complaint, in which they reasserted both counts. For the FLSA claims, they included an itemized list of the weeks for which they claimed overtime (2,089 weeks total) and alleged that during meal times they "care[d] for patient needs" and "tend[ed] to patients." They also alleged that it was HMR's policy to automatically deduct thirty minute meal breaks from their pay regardless of whether they took a meal break, and that they were routinely not completely relieved of their work duties during their uncompensated meal breaks.

The district court dismissed with prejudice the amended complaint, finding that the employees failed to allege essential elements of their FLSA and state law claims. For the FLSA count, it found that they failed to adequately identify the type of compensable work performed during breaks. And for the quantum meruit claim it found that they failed to plead that they expected compensation for work performed during meal breaks. This is the employees' appeal.

## II.

We review <u>de novo</u> the district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiffs. <u>Lanfear v. Home Depot, Inc.</u>, 679 F.3d 1267, 1275 (11th Cir. 2012). To survive a motion to dismiss, the plaintiff need not give detailed factual allegations, but the

complaint must "provide the grounds of his entitlement to relief" and include "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007) (quotation marks omitted); see also AFL-CIO v. City of Miami, 637 F.3d 1178, 1186 (11th Cir. 2011) ("[N]otice pleading does not require a plaintiff to specifically plead every element of his cause of action, [but] a complaint must still contain enough information regarding the material elements of a cause of action to support recovery under some viable legal theory.").

## A.

The employees contend that the district court erred by dismissing their FLSA claims. The FLSA creates "a private cause of action" for an employee "against his employer for the recovery of unpaid overtime wages and backpay." Josendis v. Wall to Wall, 662 F.3d 1292, 1298 (11th Cir. 2011). To state a valid FLSA overtime claim, the employees must allege, among other things, that they each actually worked more than a 40-hour workweek. See Morgan v. Family Dollar Store, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). "Bona fide meal periods are not worktime." 29 C.F.R. § 785.19(a). But a meal period is bona fide only when the employee is "completely relieved from duty for the purposes of eating regular meals." Id.

In their amended complaint, the employees allege that they routinely worked

more than 40 hours per week without full compensation because HMR deducted meal breaks from their pay even when they were not "completely relieved from duty." They state that during meal breaks they were required to "care for patient needs" and "tend[ ] to patients," and they provide each employee's specific job title and list the weeks each employee claims to have worked more than 40 hours. Those allegations "plausibly suggest" that they are entitled to relief under the FLSA. See Ashcroft v. Iqbal, 556 U.S. 662, 680, 129 S. Ct. 1937, 1950 (2009); see also Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 45–46 (1st Cir. 2013) (concluding that plaintiffs successfully pleaded FLSA claims where they alleged that they spent meal periods "complet[ing] their regular working activities," including "charting, performing administrative tasks, monitoring patients, and providing treatment").

HMR argues that without more specific allegations, it's impossible to know whether time spent "car[ing] for patient needs" and "tending to patients" was compensable under the FLSA. Compensable work under the FLSA includes any activity that is a "principal activity" or "integral and indispensable to the principal activities that an employee is employed to perform." Integrity Staffing Solutions, Inc. v. Busk, 574 U.S. __, 135 S. Ct. 513, 519 (2014); see also 29 C.F.R. § 790.8(a), (b) (defining "principal activities" under the FLSA as "activities which the employee is employed to perform," including "all activities which are an

6

integral part of a principal activity") (quotations marks omitted).  It is reasonable to assume that caring for and tending to patients during the workday is a "principal activity" of a nursing home employee, especially when that employee is employed in at least some capacity as a nurse.[2]  See Lanfear, 679 F.3d at 1275.

HMR also argues that the phrases "car[ing] for patient needs" and "tending to patients" are nothing more than "generic job description[s]" and for that reason are not specific enough to state a claim under Twombly and Iqbal.  See Twombly, 550 U.S. at 555, 127 S. Ct. at 1965 (stating that a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action").  But a detailed description of the exact acts each plaintiff performed during meal times is not required.  See id. at 555, 127 S. Ct. at 1964 ("[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations."); Manning, 725 F.3d at 46 ("The fact that this assertion is not accompanied by a detailed list of each and every activity the plaintiffs and their fellows performed without compensation does not mandate the complaint's dismissal.").  The allegation that each employee was "car[ing] for patient needs"

---

[2] HMR argues that it is detrimental to the employees' claims that they use the same job description for the CNA, LPN, and dual role employees.  All but two of the employees work, in at least some capacity, as a nurse, and it's at least plausible that "car[ing] for patient needs" is a primary duty of the remaining two employees, who are employed by the nursing home as a "Driver/Driver Coordinator" and "Concierge."  See Integrity Staffing Solutions, 135 S. Ct. at 519; Iqbal, 556 U.S. at 680, 129 S. Ct. at 1951 (stating that to survive a motion to dismiss a plaintiff needs only to have "nudged his claims . . . across the line from conceivable to plausible") (quotation marks and alterations omitted).

7

and "tending to patients," when combined with each employee's specific job title, is more than "a formulaic recitation of the elements" of an FLSA claim and is enough to "give the defendant fair notice" of the employees' claims and the "grounds upon which [they] rest." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964 (quotation marks omitted).

Because the amended complaint states plausible claims under the FLSA, the district court erred by dismissing with prejudice the FLSA count.

B.

The employees also contend that the district court erred by dismissing with prejudice their state law claim for quasi-contract/work and labor done/quantum meruit. To raise a valid claim on those theories under Alabama law, the employees had to plead, among other things, that they reasonably expected to be compensated for work performed during meal breaks. See Mantiply v. Mantiply, 951 So.2d 636, 656 (Ala. 2006) (stating that to raise a valid quantum meruit claim, an employee must show that "he had a reasonable expectation of being compensated for his services"). The employees argue that the district court should have inferred that expectation from the facts in the amended complaint. But they never argued that inference in the district court. Instead, after HMR moved to dismiss the claim based on the employees' failure to plead that they reasonably expected to be compensated, the employees' only argument was that Alabama's form pleading for

8

quantum meruit "do[es] not include any language requiring that the Plaintiffs expected compensation." Because they did not fairly present it in the district court, their argument that an expectation should be inferred is waived. See Juris v. Inamed Corp., 685 F.3d 1294, 1325 (11th Cir. 2012) ("If a party hopes to preserve a claim, argument, theory, or defense on appeal, she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it."); Smith v. Sec'y, Dep't of Corr., 572 F.3d 1327, 1352 (11th Cir. 2009) ("[Where t]he district court did not consider that argument because it was not fairly presented . . . we will not decide it.").[3]

**REVERSED and REMANDED in part.  AFFIRMED in part.**

---

[3] The employees argue that even if their state law claim was due to be dismissed, the district court abused its discretion by continuing to exercise supplemental jurisdiction over it. That argument fails. See Pintando v. Miami-Dade Housing Agency, 501 F.3d 1241, 1242–43 (11th Cir. 2007) (explaining that a district court has the authority "to continue to exercise jurisdiction over state law claims in a case even after dismissing the federal claim that created the original jurisdiction").